STATE OF NEBRASKA, APPELLEE, V.
JOHN JOSEPH KELLY, APPELLANT.

298 N.W.2d 370

Filed November 7, 1980. No. 43286.

David L. Herzog and Anthony R. Carr for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and BURKHARD, District Judge.

WHITE, J.

Defendant was convicted after a trial to the court of the crime of second degree murder and sentenced to a term of 15 years in the Nebraska Penal and Correctional Complex.

On appeal, defendant assigns two errors: (1) The court erred in failing to suppress the defendant's statement as the fruit of an unlawful arrest; and (2) The sentence is excessive. We shall discuss the second assignment first and will not discuss the first assignment for reasons we will set forth.

The victim was the defendant's mother-in-law. She was found in the basement of a residence in Omaha, Nebraska. Death was caused by severe skull fractures inflicted by a heavy object with some type of projection. The crime was characterized by the trial court as vicious, approaching first degree murder.

The defendant, a 58-year-old man with no criminal record, expressed remorse at the crime and was probably provoked by the demands of the victim. However, in view of the seriousness of the crime, we are unable to say that the sentence was excessive. The penalty authorized by the statute, Neb. Rev. Stat. § 28-304 (Reissue 1979), is not less than 10 years to a maximum of life. A sentence within the statute will not ordinarily be disturbed absent an abuse of discretion. None exists here.

The first assignment will not be considered as defendant neglected to file an appropriate motion for new trial. *State v. Lacy*, 195 Neb. 299, 237 N.W.2d 650 (1976), held that a motion for new trial must be filed within 10 days after the verdict is rendered.

AFFIRMED.