STATE OF NEBRASKA, APPELLEE, v. RICK T. EVANS, APPELLANT.

334 N.W.2d 5

Filed May 20, 1983. No. 82-579.

Anthony S. Troia, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

HASTINGS, J.

The defendant, Rick T. Evans, has appealed from a conviction of the February 19, 1982, felony offense of delivery of cocaine, a violation of Neb. Rev. Stat. § 28-416(1)(a) and (2)(a) (Cum. Supp. 1982). The trial was to the court alone, a jury having been waived, and the defendant was sentenced to a term of imprisonment of 1 year. On appeal to this court he assigns as error only that the State failed to prove beyond a reasonable doubt that the defendant did in fact actually deliver the cocaine. Although not assigned as error, the defendant also objects to the court's failure to grant probation and protests the sentence as being excessive.

"This court will not interfere on appeal with a finding of guilt based upon evidence unless it is so lacking in probative force that we can say as a matter of law that it is insufficient to support such finding beyond a reasonable doubt." *State v. Hilpert*, 213 Neb. 564, 575, 330 N.W.2d 729, 736 (1983).

The evidence in this case is relatively simple and straightforward. Only two witnesses testified, both of whom were drug investigators for the Nebraska State Patrol. The defendant did not testify.

Prior to defendant's arrest on February 19, 1982, the first drug investigator testified that he had been dealing in cocaine with a bartender at a certain Omaha restaurant. Arrangements had been made with the bartender to purchase 2 grams of cocaine for $200. The witness saw the bartender come into the restaurant at 5:20 p.m. on that date. The investigator had in his possession one $100 bill and five $20 bills, upon which he had placed his initials. He remained at the restaurant until the defendant arrived at approximately 10:45 p.m.

According to the witness, the defendant immediately went into the restroom, followed by the bartender. The bartender then came right back out, said "He's got it, he's got the coke," asked the investigator for the money, and was given $200, including five of the marked bills. The witness observed no one else enter or leave the restroom. The bartender then reentered the restroom, came back out in about 3 minutes, and handed the witness a sealed plastic bag containing white powder. This was later identified as cocaine. The defendant came out of the restroom shortly thereafter, and the witness, using a body transmitter, advised other officers to arrest the defendant, which they did.

This witness identified exhibit 2 as a photocopy of the marked money which he had given the bartender to purchase the cocaine from the defendant. The other investigator who testified said that in response to the request from the first investigator, he had arrested the defendant in the lobby area of the restaurant and had taken from the defendant's person certain currency which was represented by the photocopy.

Reading the testimony of the two witnesses together, we believe that the trier of the facts could come to no conclusion but that the defendant delivered cocaine to the bartender in return for the payment of $200. A conviction may rest solely on circumstantial evidence. *State v. Keeton*, 199 Neb.

405, 259 N.W.2d 277 (1977). Certainly the evidence is sufficient to warrant our affirmance of the trial court's findings on the basis of the rule laid down in *Hilpert*.

The crime of which the defendant was convicted is a Class II felony, § 28-416(2)(a), the penalty for which is imprisonment for a minimum term of 1 year or a maximum term of 50 years, Neb. Rev. Stat. § 28-105 (Reissue 1979). We have repeatedly held that a sentence imposed within the statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Kelly*, 207 Neb. 295, 298 N.W.2d 370 (1980).

The defendant argues that although the sentence was within the statutory limits, the codefendant, the bartender, received a lesser penalty. The answer to that contention is simply that the record is devoid of any such information and we cannot consider that claim. *State v. Kramer*, 203 Neb. 658, 279 N.W.2d 634 (1979). The record discloses no abuse of discretion on the part of the trial court.

The judgment and sentence of the District Court are affirmed.

AFFIRMED.