STATE OF NEBRASKA, APPELLEE, V. EARL P. BOTHWELL,
APPELLANT.

355 N.W.2d 506

Filed September 28, 1984.   No. 84-196.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

The appellant, Earl P. Bothwell, appeals from an order of the district court for Douglas County, Nebraska, denying Bothwell's motion for a new trial on the basis of newly discovered evidence. Bothwell's original conviction and sentence for robbery were affirmed by this court pursuant to Neb. Ct. R. 3B(4) (rev. 1983).

In support of his motion for new trial, the appellant attached an affidavit from his son, Bradley Bothwell, a witness for the State, in which Bradley admitted that he testified falsely at the appellant's trial. At the hearing on the motion for new trial, the appellant presented additional affidavits and testimony from three individuals concerning conversations with Bradley Bothwell. In those conversations Bradley had told the witnesses that he had lied at the appellant's trial. The appellant also testified that he had heard that his son had lied at trial. The testimony of the witnesses and the affidavits were objected to by the State and excluded by the trial court as hearsay.

On appeal to this court Bothwell relies on Neb. Rev. Stat.

§ 27-804 (Reissue 1979) for the proposition that the evidence was admissible as an exception to the rule against hearsay, Neb. Rev. Stat. § 27-801 (Reissue 1979), and as such the trial court abused its discretion in sustaining the State's objections to the evidence. Section 27-804 states in part:

(1) Unavailability as a witness includes situations in which the declarant:

(a) Is exempted by ruling of the judge on the ground of privilege from testifying concerning the subject matter of his statement; or

. . . .

(e) Is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means.

(2) Subject to the provisions of section 27-403, the following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

. . . .

(c) A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

It is elementary that as a prerequisite to the availability of this exception, the proponent of the hearsay evidence, Earl Bothwell, make some showing that the declarant, Bradley Bothwell, is unavailable as a witness. In *Davis v. State*, 171 Neb. 333, 336, 106 N.W.2d 490, 494 (1960), quoting from *Callies v. State*, 157 Neb. 640, 61 N.W.2d 370 (1953), we held that " '[t]here must be evidence of diligence on the part of the prosecution to locate the witness, and evidence of the unavailability of the witness . . . .' " We believe that this standard must apply to the defense as well as the prosecution.

It is within the sound discretion of the trial court to

determine whether the unavailability of the witness has been shown. *State v. Howard*, 184 Neb. 461, 168 N.W.2d 370 (1969); *Jackson v. State*, 133 Neb. 786, 277 N.W. 92 (1938).

With the exception of testimony from Doris Hyde, Bradley Bothwell's aunt and appellant's sister, who stated that she had heard Bradley had moved to Missouri, that one of her nephews had seen Bradley at a party in Missouri, that she had heard that Bradley would not appear in court for fear of possible perjury charges, and that she had been asked to try and locate Bradley, the record is entirely silent as to what efforts, if any, had been made to contact Bradley Bothwell and procure his testimony at the hearing. Absent a showing by the appellant that Bradley Bothwell was "unavailable" as a witness as defined by § 27-804(1), we are unable to determine that the trial court abused its discretion in not allowing the affidavits and oral testimony into evidence.

In view of our holding that the appellant failed to make the requisite showing of unavailability of the declarant, we need not decide whether the statements of Bradley Bothwell would have been admissible under § 27-804(2)(c). There being no competent evidence on which to sustain the appellant's motion for new trial, we affirm the order of the lower court.

AFFIRMED.