STATE OF NEBRASKA, APPELLEE, V. VIVIAN E. TATE, ALSO KNOWN
AS VIVIAN E. JOHNSON, APPELLANT.
385 N.W.2d 456

Filed April 25, 1986.   No. 85-669.

Thomas J. Garvey of Hascall, Jungers & Garvey, for
appellant.

Robert M. Spire, Attorney General, and Laura L. Freppel,
for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

CAPORALE, J.

A jury found defendant, Vivian E. Tate, also known as
Vivian E. Johnson, guilty of second degree forgery. She was
thereupon so adjudged and thereafter sentenced to
imprisonment for a term of not less than 3 nor more than 10
years. Subsequently, she was granted post conviction relief by
being permitted to file this appeal on the ground she had been

improvidently deprived of her right to a timely direct appeal. Defendant assigns as errors to the court trying her (1) the failure of that court to dismiss the charge at the close of the State's case and (2) the sentence, claiming it to be excessive and disproportionate. The conviction and sentence being without error, we affirm.

The first assignment of error rests on the premise that since there was insufficient evidence to convict her as of the close of the State's case, the court trying the matter erred in not dismissing the case pursuant to defendant's motion at that point in the trial.

The trial evidence adduced by the State establishes that at approximately 10 a.m. on September 9, 1983, a witness saw a man enter the mailbox at the apartment of Ingrid and Del Stites in Bellevue, Nebraska. The box contained a piece of outgoing mail which included checks drawn on the Stites' account at the First National Bank of Bellevue. This man was then seen joining another man and a woman, who was wearing a bandanna on her head, in a Chevette automobile bearing license No. 1-TR282. The other man was in the driver's seat of the automobile. The witness reported the incident to the police and provided them the vehicle's license number.

At approximately 10:30 a.m. a woman wearing a bandanna on her head and driving a Chevette with the partial license No. 1-T attempted to cash a $580 check at one of the drive-in lanes of the First National Bank of Bellevue, which is located approximately $2^{1}/_{2}$ blocks from the Stites' apartment. The check was drawn on the account of an Omaha attorney, was payable to the order of Ingrid Stites, and purported to have been endorsed by her. The endorsement also bore the Stites' account number.

The teller to whom the check was presented considered the presentation to be suspicious and went to a supervisor to discuss the matter. By the time the teller and supervisor returned to the teller's window, the vehicle and its occupants were gone.

At approximately that same time a Bellevue police officer saw, in the vicinity of the bank, an automobile which bore the license number and otherwise matched the description of the automobile and its occupants, as reported in connection with

the event at the Stites' apartment. The officer pursued the automobile for a short distance and stopped it. He then noticed that the occupants had changed their seating positions. The woman who had been driving was then sitting in the passenger seat, and the man who had been in the right front seat had moved over to the driver's side. The woman produced identification as Vivian Tate, and while the officer was at the automobile, removed the bandanna from her head and held it in her lap.

A search of the automobile revealed a yellow gymnasium bag containing a check embosser used to imprint amounts on checks, together with several checks belonging to an Omaha attorney on whose account the check presented to the bank was drawn. No one in the automobile claimed ownership of the bag, embosser, or checks.

While a documents examiner could not testify that defendant wrote anything on the check tendered to the bank, he did testify that the amount of the check had been embossed by the same machine which was found in the automobile.

The attorney on whose account the check was drawn testified that a number of checks had been taken from his office, that he had not written his apparent signature on the check, and that he had not authorized anyone else to sign his name to it. Moreover, he did not know Ingrid Stites.

Although no bank employee could identify defendant as the woman presenting the check, the officer who had stopped the automobile identified her as the person who had been the driver when he first saw the vehicle he later stopped.

Defendant contends that the State failed to prove a prima facie case of second degree forgery because there was no testimony positively identifying her as the person who attempted to cash the check, as the owner of the bag or its contents, or as the person who had forged the instrument.

Neb. Rev. Stat. § 28-603(1) (Reissue 1979) provides:

> Whoever, with intent to deceive or harm, falsely makes, completes, endorses, alters, or utters any written instrument which is or purports to be, or which is calculated to become or to represent if completed, a written instrument which does or may evidence, create,

transfer, terminate, or otherwise affect a legal right, interest, obligation, or status, commits forgery in the second degree.

In *State v. Addison*, 196 Neb. 768, 246 N.W.2d 213 (1976), we defined the elements of the crime of uttering a forged instrument to be (1) the offering of a forged instrument with the representation by words or acts that it is true and genuine, (2) the knowledge that the same is false, forged, or counterfeited, and (3) the intent to defraud.

It was therefore not necessary that defendant be shown to have been the owner of the check embosser or that she was the one who actually prepared the check which was presented to the bank. It was only necessary to prove that by her acts she offered a forged check as true and genuine, knowing it to be otherwise, with the intent to defraud. Although the evidence is all circumstantial, it was more than sufficient to so establish.

One accused of a crime may be convicted on the basis of circumstantial evidence if, taken as a whole, the evidence establishes guilt beyond a reasonable doubt. The State is not required to disprove every hypothesis but that of guilt. *State v. Schott, ante* p. 456, 384 N.W.2d 620 (1986); *State v. Piskorski,* 218 Neb. 543, 357 N.W.2d 206 (1984); *State v. Buchanan,* 210 Neb. 20, 312 N.W.2d 684 (1981).

A woman wearing a bandanna arrived at the bank, driving the automobile seen at the Stites' apartment. That woman presented the bank with a check which proved to be forged. While the bank teller pondered over the check, the automobile drove away. A police officer saw it driven by a woman wearing a bandanna, recognized it as the one reported seen at the Stites' apartment, and stopped it. The automobile contained checks taken from the office of the attorney on whose account the forged check was drawn. The automobile also contained the embosser which imprinted the amount on the forged check. The forged check bore the account number of the Stites' account, a number disclosed by the contents of the Stites' mailbox. Those facts more than justify a finding by a trier of fact that defendant was the person who presented to the bank a check she knew to be forged, for the purpose of obtaining money that did not belong to her, that is, with the intent to defraud. Indeed, one

would have to be more than ordinarily doltish not to so conclude.

A trial court is justified in directing a verdict of not guilty only where there is a total failure of competent proof to support a material allegation in the information, or when the testimony adduced is of so weak or doubtful a character that a conviction based thereon could not be sustained. *State v. Smith*, 219 Neb. 176, 361 N.W.2d 532 (1985). As we have seen, this is not such a case. Accordingly, the court trying defendant was correct in not sustaining her motion to dismiss.

In her second and final assignment of error, defendant claims the court trying her abused its discretion by sentencing her to a period of incarceration which is "potentially substantially more severe than the sentence imposed on a co-defendant for the same violation."

Defendant was sentenced to imprisonment for not less than 3 nor more than 10 years. Second degree forgery when the amount involved is $300 or more is a Class III felony, which carries a maximum term of imprisonment of 20 years and a minimum term of 1 year. Thus, the sentence is well within the statutory limits.

Defendant's presentence report reveals a lengthy criminal record involving theft-related charges. The court, in sentencing her, indicated that it had reviewed her record and determined that imprisonment was necessary because there was a substantial risk that she would again engage in criminal acts and because a lesser sentence would depreciate the seriousness of the crime.

Defendant complains that her sentence is excessive compared with that received by a coperpetrator. In sentencing defendant the judge mentioned that one of her coperpetrators received a prison sentence of 6 years and 6 months. That is the only mention of the coperpetrator's sentence in the record. We have before us no transcript of this individual's sentencing proceeding and no information concerning his past criminal conduct, if any. It therefore is not possible for us to compare the coperpetrator's background and prior record with those of defendant. Information as to an alleged discriminatory sentencing not appearing in the record may not be considered

by this court on appeal. *State v. Evans*, 214 Neb. 432, 334 N.W.2d 5 (1983).

More importantly, as recently reaffirmed in *State v. Whitmore*, 221 Neb. 450, 378 N.W.2d 150 (1985), this court is not required to disturb on appeal an otherwise entirely appropriate sentence solely because someone else was treated more leniently. Thus, even if defendant were sentenced more harshly than her coperpetrator, a matter which is far from certain, there was no abuse of discretion in the sentence imposed upon defendant. Absent an abuse of discretion, this court will not disturb a sentence imposed within statutory limits. *State v. Whitmore, supra*.

There being no merit to defendant's assignments of error, the conviction and sentence are affirmed.

AFFIRMED.