STATE OF NEBRASKA, APPELLEE, V. RUSSELL M. WILEY,
APPELLANT.

394 N.W.2d 641

Filed October 10, 1986.   No. 85-1001.

James Martin Davis of Dolan, Davis & Gleason, for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the district court for Douglas County. Appellant, Russell M. Wiley, was convicted of one count of assault of a police officer. He was sentenced to the Douglas County Department of Corrections for a term of 8 months, to be served consecutively to a 90-day sentence for a misdemeanor conviction arising from the same incident.

During trial, appellant sought admission into evidence his testimony at the preliminary hearing under Neb. Rev. Stat. § 27-804(1)(a) (Reissue 1985), the former testimony exception to the hearsay rule. Counsel contended that Wiley's invocation of his fifth amendment privilege· satisfied the requirement under § 27-804(1)(a) that the declarant be unavailable. The offer was denied. The trial court declined to accept Wiley's interpretation of § 27-804(1)(a) and refused to declare him unavailable.

On appeal, error is assigned to the trial court's refusal to find Wiley to be an unavailable witness, and refusal to admit Wiley's prior testimony. We affirm.

Section 27-804 states in relevant part:

(1) Unavailability as a witness includes situations in which the declarant:

(a) Is exempted by ruling of the judge on the ground of privilege from testifying concerning the subject matter of his statement;

. . . .

(2) Subject to the provisions of section 27-403, the following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(a) Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or a different proceeding . . . .

The appellant argues that he becomes unavailable by his invocation of his fifth amendment privilege, thereby qualifying his prior testimony for admission into evidence. We can find no support for the appellant's interpretation of this statute in either Nebraska law or federal evidence law from which our statutes were taken.·

The cases cited by the appellant differ factually from the case at hand. Only two cases, *People v Pennington*, 113 Mich. App. 688, 318 N.W.2d 542 (1982), and *Phillips v. Wyrick*, 558 F.2d 489 (8th Cir. 1977), involve instances of unavailability due to the assertion of fifth amendment privileges against self-incrimination. In each case, however, the proponent of the evidence and the declarant were separate individuals. The remainder of the appellant's cases deal with instances of unavailability not based upon assertion of the declarant's fifth amendment privilege.

Section 27-804(1)(e) controls the result in this case: "[D]eclarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying." Clearly, the proponent of the evidence cannot be the cause of the unavailability. In other words, the testimony at issue must be unavailable to the proponent.

As both the proponent and the declarant, Wiley controlled the availability of his testimony. In his treatises on the law of

evidence, Weinstein states: "Rule 804 provides that if the unavailability was caused by the party offering the hearsay statement, the requirement of unavailability will not be regarded as satisfied." 4 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 804(a)[01] at 804-36 (1985). It cannot be said that Wiley's testimony was unavailable to him. Although this case is unique in that the proponent and the declarant are the same person, the courts have held that a witness will not be deemed unavailable if the proponent of the testimony is in some way responsible for the unavailability. E.g., *United States v.* *Pizarro*, 756 F.2d 579 (7th Cir. 1985); *United States v. Rothbart*, 653 F.2d 462 (10th Cir. 1981); *United States v. Mann*, 590 F.2d 361 (1st Cir. 1978). Clearly, Wiley cannot be permitted to cause the unavailability and, as a result, have admitted into evidence his prior testimony.

The appellant has not met his burden of showing that the testimony was unavailable to him. *State v. Bothwell*, 218 Neb. 395, 355 N.W.2d 506 (1984). As we have often stated, the introduction of evidence at trial is governed by the sound discretion of the trial judge. Absent a showing of abuse of discretion, the trial court's decision will not be overturned. *State v. Norfolk*, 221 Neb. 810, 381 N.W.2d 120 (1986); *State v. Bothwell, supra*.

AFFIRMED.