STATE OF NEBRASKA, APPELLEE, V. REGINALD L. JORDAN, APPELLANT.

427 N.W.2d 796

Filed August 19, 1988.   No. 87-587.

Paul M. Conley for appellant.

Robert M. Spire, Attorney General, and Lisa D. Martin-Price for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Defendant-appellant, Reginald L. Jordan, was charged with six felonies: attempted second degree murder of Everett Ling, attempted first degree assault of Everett Ling, attempted first degree assault of Albert Bartek, and three counts of use of a weapon to commit these felonies. The jury found Jordan guilty of the two counts of attempted assault and two of the use of weapon counts, but not guilty of attempted murder and use of a weapon in the commission thereof.

On the evening of October 18, 1986, Ling, Bartek, and Todd Behrend went to several different bars together in Lincoln, Nebraska. At approximately 12:45 a.m., the three men left from the bar where they were and walked toward Behrend's pickup truck. Upon arriving at the parking lot where the truck was parked, they encountered Jordan. Marsha Carroll, who knew Jordan, arrived in the parking lot at about the same time. Ling testified that Jordan asked him if he wanted to buy a prostitute and that when he refused, Jordan became angry. Jordan and Carroll testified that Ling approached Carroll, told her that he wanted to buy a prostitute, and grabbed her around the shoulder. Whatever the provocation, Jordan went to his car, which was parked near Behrend's truck, and took a baseball bat out of the trunk. A fight broke out among Ling, Bartek, and Jordan, which soon escalated as patrons exiting a nearby tavern joined in. Ling and Bartek were severely beaten. Jordan testified that he had lost possession of the bat and that somebody else in the crowd used it in the fight. Jordan was

identified as the person who used the bat.

On appeal, the defendant contends that the district court erred (1) by permitting a statement to be admitted into evidence, because the *Miranda* warnings given were inadequate; (2) in excluding from consideration by the jury evidence that one other than the defendant admitted committing the offense charged; (3) in failing to dismiss all charges against the defendant because of prosecutorial misconduct in filing an excessive number of charges; (4) in giving to the jury an instruction on the essential elements of the crimes charged which was confusing and incapable of being readily understood by the jury; and (5) in sentencing the defendant after consideration of the presentence report, which violated the defendant's constitutional, procedural, and substantive due process rights and the right to face his accusers.

Jordan was given *Miranda* warnings shortly after the assault upon the victims occurred. Officer Marti of the Lincoln Police Department testified that he read the following rights to the defendant verbatim:

MIRANDA WARNINGS

1. You have the right to remain silent.

2. Anything you say can and may be used against you in court.

3. You have the right to talk to a lawyer before answering any questions, and to have the lawyer with you during questioning.

4. If you want a lawyer, and cannot afford a lawyer, one will be provided for you, free of cost, before any questioning.

5. You can stop the questioning at any time.

WAIVER

1. Do you understand your rights, as I have explained them?

2. Are you willing to talk with us without consulting a lawyer, or having a lawyer here with you?

Without citing any authority, appellant asserts that the waiver was inadequate because it did not include a question which draws all the elements of the warning together so that they may be knowingly and intelligently waived. Appellant

contends that the question, "Knowing your rights in this matter, are you willing to answer some questions or make a statement to me now?" would be adequate.

We find the appellant's contention wholly without merit. There is nothing magic about the particular words used to ensure that a suspect "knows" his or her rights. By asking the defendant whether he understood his rights, Officer Marti met the *Miranda* burden with respect to this matter.

Furthermore, we have said that

> [a]ny question involving an effective waiver of the *Miranda* rights necessarily involves consideration of two different problems—whether the waiver is the product of improper external influence on a defendant and whether a defendant possessed a certain degree of awareness or understanding regarding a right and a decision to forgo that right.

*State v. Norfolk*, 221 Neb. 810, 815, 381 N.W.2d 120, 125 (1986). The defendant does not claim that he was threatened, coerced, or promised anything by police to obtain his statement, nor does he assert that he was physically or mentally unable to comprehend the warnings. Absent such a claim, the defendant cannot claim error.

Appellant sought to have the testimony of Thomas Jordan and Gino Johnson admitted at trial. These individuals did not witness the fight but allegedly had information that another person had committed the crimes in question. Testimony was adduced at an in camera hearing, after which the trial judge denied admission of the hearsay statement. The court ruled, inter alia, that the defendant failed to show that the declarant was unavailable. See Neb. Rev. Stat. § 27-804 (Reissue 1985).

The party seeking to introduce hearsay evidence pursuant to the § 27-804 exception must show that diligence was used to locate the witness and that the witness is unavailable. It is within the sound discretion of the trial court to determine whether the proponent has met this burden. *State v. Bothwell*, 218 Neb. 395, 355 N.W.2d 506 (1984).

The only evidence regarding the declarant's unavailability was Johnson's testimony that the declarant was not going to testify for fear of the repercussions of confessing his own crime.

We are not persuaded that "unwillingness" is tantamount to "unavailability" under § 27-804. There was also no evidence presented that a subpoena had been issued to secure the declarant's presence in court. The appellant's contention is without merit.

Appellant's third assignment is that his constitutional right to a fair and speedy trial was violated because the prosecutor deliberately filed an excessive number of charges against him. The appellant did not object at trial in any fashion to the number of charges brought against him. Recently, in *State v. Moore*, 226 Neb. 347, 349-50, 411 N.W.2d 345, 348 (1987), we reiterated the rule that " '[e]xcept in the most unusual of cases, for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court. If not so raised, it will be considered to have been waived.' [Citations omitted.]" Because the appellant did not assert at trial that his right to a fair and speedy trial was violated by the prosecutor's actions, he is precluded from raising this issue on appeal.

Appellant's fourth assignment is that jury instruction No. 4 is confusing and misleading. A review of instruction No. 4 shows that it was taken verbatim from NJI 14.05 ("Elements of Crime Charged—Burden of Proof"), with the statutory language of the crimes, and other necessary information, inserted where appropriate. The appellant does not specifically discuss why the instruction is confusing and misleading and, upon our review, we are unable to say that it is. The giving of instruction No. 4 was proper and comported with the rule that, whenever applicable, the Nebraska Jury Instructions are to be used. See, *Tank v. Peterson*, 228 Neb. 491, 423 N.W.2d 752 (1988); Nebraska Jury Instructions at ix (1969).

In his final assignment the appellant makes numerous complaints about the manner in which the presentence investigation report was prepared. Specifically, the appellant objects to the inclusion of police reports, hearsay statements, and an edited version of only one victim's statements to a probation officer, and the exclusion of other evidence tending to show the appellant in a good light.

In *State v. Rose*, 183 Neb. 809, 811, 164 N.W.2d 646, 648-49 (1969), we said:

It is a long accepted practice in this state that before sentencing a defendant after conviction a trial judge has a broad discretion in the sourse [sic] and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. Highly relevant, if not essential, to his determination of an appropriate sentence is the gaining of knowledge concerning defendant's life, character, and previous conduct. In gaining this information, the trial court may consider reports of probation officers, police reports, affidavits, and other information including his own observations of the defendant. A presentence investigation has nothing to do with the issue of guilt. The rules governing due process with respect to the admissibility of evidence are not the same in a presentence hearing as in a trial in which guilt or innocence is the issue. The latitude allowed a sentencing judge at a presentence hearing to determine the nature and length of punishment, other than in recidivist cases, is almost without limitation as long as it is relevant to the issue.

(Citations omitted.) Furthermore, in *State v. Porter*, 209 Neb. 722, 723, 310 N.W.2d 926, 927 (1981), we said, "By the very nature of a presentence investigation report, it is necessary to rely to a great extent upon hearsay information." There is no merit to this assignment of error.

The judgment and sentences of the district court are affirmed.

AFFIRMED.