STATE OF NEBRASKA, APPELLEE, V. STEVEN J. GUIDA, APPELLANT.

434 N.W.2d 522

Filed January 20, 1989.    No. 88-181.

Douglas Veith, of Veith, P.C., Bertolini, Schroeder, Blount and Sapone, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and CARLSON, D.J.

BOSLAUGH, J.

The defendant, Steven J. Guida, was originally charged with four counts of delivery of cocaine. Pursuant to a plea bargain, the defendant pleaded guilty to count I, and the other three counts of the information were dismissed. The defendant was sentenced to imprisonment for 30 to 90 months, with credit for 3 days. He was also ordered to pay restitution in the amount of $500 to the Bellevue Police Department's drug fund.

The defendant has appealed and contends that it was error to

include a letter in the presentence report that contained intelligence information and personal opinion recommendations of a police officer, and to base the sentence in whole or in part on the presentence report.

The offense charged in count I of the information consisted of the sale of cocaine to an undercover officer on August 22, 1988. The offense is a Class II felony with a penalty of imprisonment for 1 to 50 years.

The letter which the defendant contends should not have been included in the presentence report was addressed to the adult probation officer and signed by a sergeant in the vice/narcotic unit of the Bellevue, Nebraska, police department. The letter stated that the defendant

> was affiliated with a group of individuals suspected of trafficking in cocaine for the past 12-18 months. During the course of the investigation, Mr. Guida had access to at least three different sources of cocaine and at least two of these separate, distinct sources were identified.

It further stated that the defendant,

> on at least two occasions, advised the undercover officer that he had other customers he dealt cocaine to. Based on intelligence information gathered by the Omaha and Bellevue Police Departments, Mr. Guida was affiliated with and obtained cocaine from sources involved in very sophisticated drug conspiracies.

The letter also referred to the fact that the defendant had agreed to assist the Bellevue Police Department in investigations in an effort to reduce some of the charges against him, but that the defendant

> put forth little or no effort and did not comply with what was asked of him. Many times he would not return phone calls or messages and he lied to officers several times concerning his efforts and whereabouts. Mr. Guida continued to affiliate with several people involved in the drug trade including a co-defendant he was specifically asked not to associate with during his workings with this department.

The letter further stated that the defendant's

> attitude while affiliated with the Narcotics Unit was very

obstinate, lackadaisical and uncaring or unworried about the future consequences he faced through the courts regarding his drug dealings. We impressed upon Mr. Guida the seriousness of the offenses and requested he strive harder in his efforts to assist the narcotics unit in their investigative endeavors. Mr. Guida seems to have the attitude that things will work themselves out without any effort on his part.

It is my opinion Mr. Guida is not a candidate for probation and I strongly recommend a jail sentence. My opinion is based on the seriousness of the offenses (i.e., four counts of delivery of a dangerous drug), the complex and involved drug trafficking his sources were involved in and his obvious disrespect for the law and disinterested attitude regarding his future.

Neb. Rev. Stat. § 29-2261 (Reissue 1985) governs presentence investigations and establishes guidelines for presentence reports. The statute states, in part, that "[t]he presentence investigation and report shall include, when available, an analysis of the circumstances attending the commission of the crime, the offender's history of delinquency or criminality . . . and any other matters that the probation officer deems relevant or the court directs to be included." A trial court has broad discretion as to the information that may be included in a presentence report. In *State v. Jordan*, 229 Neb. 563, 427 N.W.2d 796 (1988), the defendant objected to a presentence report which contained police reports and hearsay statements. We stated:

"It is a long accepted practice in this state that before sentencing a defendant after conviction a trial judge has a broad discretion in the sourse [sic] and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. . . . [T]he trial court may consider reports of probation officers, police reports, affidavits, and other information including his own observations of the defendant. A presentence investigation has nothing to do with the issue of guilt. The rules governing due process with respect to the admissibility of evidence are not the

same in a presentence hearing as in a trial in which guilt or innocence is the issue. *The latitude allowed a sentencing judge at a presentence hearing to determine the nature and length of punishment, other than in· recidivist cases, is almost without limitation as long as it is relevant to the issue."*

(Emphasis supplied.) *Id.* at 568, 427 N.W.2d at 800.

In contending that the letter should not have been included in the presentence report, the defendant relies on Neb. Rev. Stat. § 29-3506 (Reissue 1985), a part of the Security, Privacy, and Dissemination of Criminal History Information Act, Neb. Rev. Stat. §§ 29-3501 et seq. (Reissue 1985 & Cum. Supp. 1988). The purpose of the act is (1) to control and coordinate criminal offender recordkeeping, (2) to establish more efficient and uniform systems of criminal offender recordkeeping, (3) to assure periodic audits of recordkeeping, (4) to establish a more effective administrative structure for the protection of individual privacy in connection with such recordkeeping, and (5) to preserve the principle of the public's right to know of the official actions of criminal justice agencies. § 29-3502 (Reissue 1985).

An examination of the statute discloses that it has no application to presentence reports.

The act relates to the dissemination of criminal information to the public, with special attention to the news media's right to such information. There is nothing in the act which restricts the use of criminal history information in determining appropriate sentencing. Although the act restricts intelligence and investigative reports from public availability, all information contained in a presentence report is confidential and not available to the public.

The defendant also contends that his sentence is excessive because a codefendant received a lesser sentence. The record contains no specific information concerning a sentence imposed on a codefendant or a presentence report concerning such a person. As we said in *State v. Tate*, 222 Neb. 586, 590-91, 385 N.W.2d 456, 459 (1986),

We have before us no transcript of this individual's sentencing proceeding and no information concerning his

past criminal conduct, if any. It therefore is not possible for us to compare the coperpetrator's background and prior record with those of defendant. Information as to an alleged discriminatory sentencing not appearing in the record may not be considered by this court on appeal.

See, also, *State v. Evans*, 214 Neb. 432, 334 N.W.2d 5 (1983).

In *State v. Spotted Elk*, 227 Neb. 869, 877, 420 N.W.2d 707, 713 (1988), we stated that

the issue in reviewing a sentence is whether the defendant in question received an appropriate sentence, not whether someone else received a lesser one. . . . Similarly, the mere fact that a defendant's sentence differs from those which have been issued to the coperpetrators in the same court does not make the imposition of defendant's sentence an abuse of discretion. Each defendant is unique; evidence as to each defendant's life, character, and previous conduct may be considered in determining the propriety of the sentence.

(Citations omitted.) See, also, *State v. High*, 225 Neb. 695, 407 N.W.2d 772 (1987); *State v. Sianouthai*, 225 Neb. 62, 402 N.W.2d 316 (1987).

The defendant is now 24 years of age. Although he has no significant history of prior offenses, distribution of cocaine is a very serious offense. The trial court specifically found that the sentence imposed was necessary for the protection of the public, that there was substantial risk the defendant would engage in additional criminal conduct if placed on probation, and that a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law. Under the circumstances in this case, we find no abuse of discretion in the sentence which was imposed.

The judgment is affirmed.

AFFIRMED.