STATE OF NEBRASKA, APPELLEE, V. RANDALL N. LEWCHUK, APPELLANT.

440 N.W.2d 229

Filed May 19, 1989.    Nos. 88-777, 88-778.

Scott D. Freese, of Hutton and Freese, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

These consolidated appeals arise from two criminal convictions. In case No. 88-777, defendant-appellant, Randall N. Lewchuk, pled guilty to a charge of burglary, in violation of Neb. Rev. Stat. § 28-507 (Reissue 1985), and was so adjudged and sentenced to imprisonment for a period of not less than 5 nor more than 10 years. In case No. 88-778, Lewchuk pled guilty to a charge of failing to appear, in violation of Neb. Rev. Stat. § 29-908 (Reissue 1985), and was so adjudged and

sentenced to imprisonment for a period of not less than 20 months nor more than 5 years, to be served consecutively to the sentence imposed for the burglary. The six errors Lewchuk assigns in his consolidated brief may be summarized as claiming that the district court (1) erroneously denied Lewchuk a continuance of the sentencing hearing and (2) imposed excessive sentences. In each case, we affirm.

After being charged with burglary on November 6, 1984, Lewchuk was arrested, and appeared for arraignment on January 28, 1985, without an attorney. The arraignment was continued to allow Lewchuk to consult an attorney, and Lewchuk was released on a $10,000, 10 percent bond.

Lewchuk failed to appear as he had been ordered, and, thus, a bench warrant for his arrest was issued and subsequently renewed, following which Lewchuk was eventually arrested. Arraignment on the burglary charge was rescheduled, and Lewchuk was again released from custody, this time on $7,500 cash bond, whereupon Lewchuk again failed to appear. Once more, arrest warrants were issued and renewed, and in the fullness of time Lewchuk was again arrested. This time, bond was set at $50,000 cash, and Lewchuk subsequently graced the county court with his presence for arraignment on June 16, 1988. At that time, Lewchuk, appearing pro se, requested and was granted a preliminary hearing on the 1984 burglary charge; on the date set for that hearing, Lewchuk, represented by counsel, elected to waive the proceeding he had requested earlier.

Case No. 88-778 was initiated on November 18, 1987, when Lewchuk was charged by information in the county court with failure to appear based on the first dereliction related above.

On July 13, 1988, Lewchuk, having been bound over to district court, pled as aforesaid pursuant to a plea bargain whereby the State dismissed a third charge arising out of Lewchuk's second failure to appear.

At the State's request, sentencing was postponed to August 19, 1988, so as to allow more time for completion of the presentence investigation and report. On August 16, Lewchuk requested a further continuance, for the reason that he was "facing charges in the United States District Court for the

District of Nebraska and has had an attorney appointed and wishes a continuance of this sentencing . . . until an expedited procedure is undertaken in the United States District Court." It was Lewchuk's position that, although no charges had yet been filed against him in federal court, he would shortly be called in that court to face charges of conspiracy to distribute cocaine, to which he intended to plead guilty, and that his subsequent federal sentence should be known before the court meted out sentence on the instant burglary and failure to appear charges. The district court concluded there was no reason the State should relinquish custody of Lewchuk and that it would be of no benefit to delay sentencing further, and the sentencing hearing was held as scheduled.

In connection with the first summarized assignment of error, it is to be noted that a continuance is a matter for the discretion of the trial court, whose ruling will be upheld absent an abuse of discretion. *State v. Neal*, 231 Neb. 415, 436 N.W.2d 514 (1989). The district court did not abuse its discretion in concluding that no valid reason existed to continue a state sentencing proceeding because a federal charge might be filed and a federal sentence pronounced at a later time.

In connection with the second summarized assignment of error, Lewchuk argues that he should not have been sentenced so harshly for the burglary, when, according only to his own unsubstantiated statement at the sentencing hearing, his accomplice in that crime received a much lesser sentence. Assuming Lewchuk's representation to be true, his argument ignores the rule that the issue in reviewing a sentence is whether the defendant in question received an appropriate sentence, not whether some other defendant received a lesser one. *State v. Byrd*, 231 Neb. 231, 435 N.W.2d 898 (1989). The mere fact that a defendant's sentence differs from one issued to a coperpetrator does not make the imposition of defendant's sentence an abuse of discretion. *State v. Guida*, 230 Neb. 961, 434 N.W.2d 522 (1989).

Lewchuk also argues that the district court erred in ordering his sentences to run consecutively. It is within the discretion of the district court to direct that sentences imposed for separate crimes be served consecutively. *State v. Benzel*, 220 Neb. 466,

370 N.W.2d 501 (1985). As this court observed in *State v. Ellefson*, 214 Neb. 747, 753, 336 N.W.2d 88, 91-92 (1983), quoting *State v. Chapple*, 197 Neb. 4, 246 N.W.2d 714 (1976),

> " '[T]he test of whether consecutive sentences may be imposed under two or more counts charging separate offenses, arising out of the same transaction or the same chain of events, is whether the offense charged in one count involves any different elements than an offense charged in another count. The test is whether some additional evidence is required to prove one of the offenses than is necessary to prove one of the other offenses.' "

It was clearly within the district court's discretion to impose consecutive sentences upon Lewchuk for the separate offenses of burglary and failure to appear. As has oft been noted, in the absence of an abuse of discretion, a sentence imposed within statutory limits will not be disturbed on appeal. *State v. Andersen, ante* p. 187, 440 N.W.2d 203 (1989); *State v. Fulton,* 231 Neb. 918, 438 N.W.2d 788 (1989); *State v. Lehl,* 231 Neb. 906, 438 N.W.2d 505 (1989).

Burglary is a Class III felony; failure to appear when one has been charged with a felony constitutes a Class IV felony. Under the provisions of Neb. Rev. Stat. § 28-105 (Reissue 1985), a Class III felony is punishable within a range of from 1 to 20 years' imprisonment, up to a $25,000 fine, or both; a Class IV felony is punishable within a range of from up to 5 years' imprisonment, up to a $10,000 fine, or both. Obviously, then, the sentences meted out to Lewchuk are well within the statutory ranges in both cases. Even ignoring Lewchuk's numerous encounters with the criminal law dating back over many years, it cannot be said the sentences evidence an abuse of discretion. Indeed, under the circumstances, anything other than substantial consecutive sentences would, as the district court cogently noted, depreciate the seriousness of the crime and promote disrespect for the law.

There being no merit to Lewchuk's summarized assignments of error, the judgment of the district court in each case is hereby affirmed.

AFFIRMED.