STATE OF NEBRASKA, APPELLEE,
v. EVERETT D. JONES, APPELLANT.
575 N.W. 2d 156

Filed March 13, 1998.   No. S-96-889.

Mark E. Ford for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WRIGHT, J.

## NATURE OF CASE

Everett D. Jones appeals from the district court's dismissal without an evidentiary hearing of his petition for postconviction relief. We affirm.

## SCOPE OF REVIEW

A criminal defendant requesting postconviction relief has the burden of establishing a basis for such relief, and the findings

of the district court will not be disturbed unless they are clearly erroneous. *State v. Boppre*, 252 Neb. 935, 567 N.W.2d 149 (1997).

## FACTS

Following a plea of nolo contendere, Jones was convicted of assault in the first degree for the multiple stabbing of a male victim after Jones found the victim with a woman with whom Jones believed he was romantically involved. Jones was sentenced to imprisonment for a period of not less than 6⅔ nor more than 20 years. Jones appealed to the Nebraska Court of Appeals, which summarily affirmed. See *State v. Jones*, 1 Neb. App. xxx (case No. A-92-139, July 6, 1992). The sole issue before the Court of Appeals was the excessiveness of Jones' sentence.

On January 2, 1996, Jones filed a petition for postconviction relief. The district court dismissed the petition without an evidentiary hearing, concluding that Jones had failed to allege facts which, if proved, established a denial or violation of his constitutional rights that would cause the judgment against him to be void or voidable. Jones timely appealed from the district court's dismissal of his petition for postconviction relief.

## ASSIGNMENTS OF ERROR

Jones assigns as error the district court's denial of an evidentiary hearing and the dismissal of his petition for postconviction relief.

## ANALYSIS

An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *State v. Boppre, supra.* However, a court is not required to grant an evidentiary hearing on a motion for postconviction relief which alleges only conclusions of law or fact; nor is an evidentiary hearing required under the Nebraska Postconviction Act when (1) the motion for postconviction relief does not contain sufficient factual allegations concerning a denial or violation of constitutional rights affecting the judgment against the movant,

or (2) notwithstanding proper pleadings of facts in a motion for postconviction relief, the files and records in the movant's case do not show a denial or violation of the movant's constitutional rights causing the judgment against the movant to be void or voidable. *Id.* From a procedural standpoint, a motion for post-conviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Russell*, 248 Neb. 723, 539 N.W.2d 8 (1995); *State v. Ryan*, 248 Neb. 405, 534 N.W.2d 766 (1995).

Jones asserts that the district court erred in failing to grant him an evidentiary hearing at which he might show that his Sixth Amendment right to effective assistance of counsel has been violated. To sustain a claim of ineffective assistance of counsel as a violation of the Sixth Amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defendant, that is, demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Boppre, supra.*

Jones first claims that his right to effective assistance of counsel was violated because trial counsel failed to file a motion to dismiss the allegedly unverified information. Neb. Rev. Stat. § 29-1603 (Reissue 1995) provides: "All informations shall be verified by the oath of the county attorney, complainant, or some other person . . . ."

The information in the case at bar provided as follows:

DAVID W. STEMPSON, Deputy Lancaster County Attorney by authority of the State of Nebraska, comes here in person into Court at this, the July Term, A.D. 1991-92, thereof, and for the State of Nebraska gives the Court to understand and be informed that EVERETT D. JONES on or about June 2, 1991, in the County of Lancaster, and the State, aforesaid, contrary to the form of the statutes in such cases made and provided then and there being, did intentionally or knowingly cause serious bodily injury to MYLES DAVIS.

THE STATE OF NEBRASKA, Plaintiff

GARY E. LACEY
LANCASTER COUNTY ATTORNEY
/s/_____
DAVID W. STEMPSON
DEPUTY LANCASTER COUNTY
ATTORNEY
SUBSCRIBED AND SWORN TO BEFORE ME this
12th day of July, 1991.
/s/_____
DEPUTY
CLERK OF THE DISTRICT COURT

Jones appears to argue that the information was deficient because it did not contain the language approved by this court in *Nichols v. State*, 109 Neb. 335, 191 N.W. 333 (1922). In *Nichols*, the information approved of stated in part: " 'Allen E. Warren, being duly sworn according to law, says the facts stated in his foregoing information are true as he verily believes.' " 109 Neb. at 343, 191 N.W. at 335.

We addressed this issue in *Marshall v. State*, 116 Neb. 45, 215 N.W. 564 (1927). Before arraignment, Marshall's attorney moved to quash the information because, inter alia, it was not verified as required by law, and the motion was overruled. The information was in the form of an affidavit. Immediately following the title of the case and preceding the information appeared the following: " 'State of Nebraska, County of Sarpy, ss.' " *Id.* at 47, 215 N.W. at 566. In the body of the information, forgery was charged in direct and positive terms. The county attorney's signature appeared at the end of the information along with the following: " 'Subscribed and sworn to before me this 9th day of October, 1926, Eliza M. Wilson, Clerk of the District court, by C. S. Marth, Deputy.' " *Id.* at 48, 215 N.W. at 566. To this was attached the seal of the district court.

Marshall argued that because no formal verification in the form of a statement or certificate was appended to the information stating that the facts therein contained were true, or true as the county attorney verily believed, the information was not verified by oath of the county attorney as required by law. Comp. Stat. § 10088 (1922), which was in effect at the time, required that an information " 'shall be verified by the oath of

the county attorney, complainant, or some other person.'"
*Marshall*, 116 Neb. at 48, 215 N.W. at 566. This language is
identical to § 29-1603, which is applicable to the case at bar.

We held in *Marshall* that to meet the requirement that an
information shall be verified by the oath of the county attorney,
it is sufficient if it appears, no matter in what form, that the truth
of the charge or charges contained in the information are con-
firmed and substantiated by the oath of the county attorney.
Because the county attorney in *Marshall* subscribed to the
information and it was sworn thereto by an officer qualified to
administer the oath, we held that it appeared in the information
that he made the charge on his oath. We further held that the
legal import was that the county attorney made an oath that the
charges therein were true and that this was sufficient to meet the
requirements of the statute even though no formal verification
was appended thereto. While we noted that the form used was
not recommended as a model and that a form meeting all of the
requirements was set forth in *Nichols*, we explained that any
form could be used that met the requirements of the statute.

Here, we conclude that the information, having been sub-
scribed and sworn to before the deputy clerk of the district court
and having the seal attached, meets the requirements of
§ 29-1603. Therefore, Jones' first assignment of error has no
merit.

Assuming arguendo that the information did not meet the
requirements of § 29-1603, objections to verification are waived
if not made before arraignment and plea. See *Emery v. State*, 78
Neb. 547, 111 N.W. 374 (1907). The petition for postconviction
relief filed by Jones fails to show how he was prejudiced by trial
counsel's failure to object to the information not being verified.
If counsel objected to the information, upon being advised that
the information had not been verified, the county attorney could
have filed a new information immediately and, therefore, cured
any defect. Jones has not alleged that he was prejudiced in any
manner by counsel's failure to object to the information.

Next, Jones argues that his right to effective assistance of
counsel was violated because trial counsel failed to indepen-
dently investigate the circumstances of his prior conviction and
argue the invalidity of such conviction as a mitigating factor

during the sentencing hearing. Jones had a prior conviction for second degree murder which was entered June 8, 1984. He served his time and was discharged from the sentence imposed on that conviction. Jones, however, asserts that his conviction was void because the jury was not instructed on the element of malice as required by *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994).

The standard for determining the propriety of a defendant's claim that his counsel's performance was deficient is whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law area. *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994). In determining whether a trial counsel's performance was deficient, there is a strong presumption that such counsel acted reasonably. *Id.* The second prong of an ineffective assistance of counsel claim requires that the defendant show that any deficient performance prejudiced the defense, that is, demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. See *State v. Boppre*, 252 Neb. 935, 567 N.W.2d 149 (1997).

A challenge to the validity of Jones' conviction for second degree murder would be a collateral attack on the judgment. The Nebraska Postconviction Act requires that a prisoner seeking relief under the act must be in actual custody in Nebraska under a Nebraska sentence. *State v. Eutzy*, 242 Neb. 851, 496 N.W.2d 529 (1993); *State v. Whitmore*, 234 Neb. 557, 452 N.W.2d 31 (1990). Without reaching the validity of Jones' conviction for second degree murder, it is obvious from the record that at all times relevant, Jones was not in actual custody under a Nebraska sentence. Jones would not be able to collaterally attack the conviction for second degree murder. Jones has therefore failed to show that he was prejudiced by counsel's failure to investigate the circumstances of Jones' prior conviction and to argue the invalidity of such conviction as a mitigating factor during the sentencing hearing.

It is undisputed that the trial court could take notice of Jones' prior criminal act. In a psychological assessment presented as part of the presentence investigation, Jones admitted that in

1983, he stabbed and killed a man when he found that man with his girl friend. A trial court has broad discretion as to the source and type of evidence and information it may use in determining the kind and extent of punishment to be imposed. *State v. Ryan*, 248 Neb. 405, 534 N.W.2d 766 (1995). See *State v. Guida*, 230 Neb. 961, 434 N.W.2d 522 (1989). The court may consider reports of probation officers, police reports, affidavits, and other information almost without limitation as long as it is relevant to the issue of sentencing. See *id*. Clearly, Jones' admission that he had previously stabbed and killed a man was relevant to the court's sentencing decision. Therefore, Jones' second assignment of error is also without merit.

For the reasons stated herein, we affirm the judgment of the district court.

AFFIRMED.