Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/17/2022 09:06 AM CDT

State of Nebraska, appellee, v.
Clifford L. Rush, appellant.

___ N.W.2d ___

Filed May 10, 2022.    No. A-21-351.

1. **Judges: Recusal: Appeal and Error.** A motion requesting a judge to recuse himself or herself on the ground of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law.

2. **Postconviction: Judgments: Appeal and Error.** Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling.

3. **Pleadings: Words and Phrases.** Historically, "verified," for the purpose of a pleading, has meant that the signer believed the facts stated in the pleading to be true.

4. **Acknowledgments: Words and Phrases.** Verification stands in contrast to "acknowledgment," which is the act by which a party who has executed an instrument goes before a competent officer and declares or acknowledges the same as his or her genuine and voluntary act and deed.

5. **Postconviction: Pleadings: Waiver.** A challenge to a verification in a postconviction action cannot be waived.

6. **Pleadings.** Proper verification requires the petitioner to communicate that he or she believes that the contents of the pleadings are true.

7. **Judges: Recusal.** Under the Nebraska Revised Code of Judicial Conduct, a judge must recuse himself or herself from a case if the judge's impartiality might reasonably be questioned.

8. **Judges: Recusal: Presumptions.** A defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality.

9. **Judges: Recusal.** In evaluating a trial judge's alleged bias, the question is whether a reasonable person who knew the circumstances of

the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown.

10. **Postconviction: Judges: Recusal.** There is no rule of law which automatically disqualifies a judge who has presided over the petitioner's prior criminal proceeding from subsequently considering the petitioner's motion for postconviction relief.

11. **Postconviction: Constitutional Law: Judgments.** Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable.

12. **Postconviction: Constitutional Law: Proof.** In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable.

13. **Postconviction: Proof.** In the absence of alleged facts that would render the judgment void or voidable, the proper course is to overrule the motion for postconviction relief without an evidentiary hearing.

14. **Postconviction: Constitutional Law: Proof.** A trial court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution.

15. **Postconviction: Proof.** If a postconviction motion alleges only conclusions of fact or law, or if the records and files in a case affirmatively show the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing.

16. ____: ____. In a postconviction proceeding, an evidentiary hearing is not required (1) when the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights; (2) when the motion alleges only conclusions of fact or law; or (3) when the records and files affirmatively show that the defendant is entitled to no relief.

17. **Postconviction: Appeal and Error.** A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal.

   Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

   Clifford Rush, pro se.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Pirtle, Chief Judge, and Riedmann and Bishop, Judges.

Bishop, Judge.

## INTRODUCTION

Clifford L. Rush, pro se, appeals from the order of the Lancaster County District Court denying his motion for post-conviction relief without an evidentiary hearing. We affirm.

## BACKGROUND

### Plea and Direct Appeal

On October 13, 2017, the State filed an information charging Rush with one count of terroristic threats, a Class IIIA felony, pursuant to Neb. Rev. Stat. § 28-311.01 (Reissue 2016); one count of first degree false imprisonment, a Class IIIA felony, pursuant to Neb. Rev. Stat. § 28-314 (Reissue 2016); two counts of use of a firearm to commit a felony, each a Class IC felony, pursuant to Neb. Rev. Stat. § 28-1205(1)(c) (Reissue 2016); and one count of possession of a firearm by a prohibited person, a Class ID felony, pursuant to Neb. Rev. Stat. § 28-1206(1) (Reissue 2016). These charges stemmed from an incident that took place on August 7, during which a woman who had been living with Rush was threatened by Rush with a handgun in an apartment; the building and neighboring apartments had to be evacuated and a "SWAT team" called. The woman climbed out of a bathroom window, and Rush later voluntarily exited the apartment.

Rush was appointed trial counsel, and he entered a plea of not guilty with counsel present at his arraignment held on October 25, 2017. Shortly thereafter, Rush filed several motions on a pro se basis, and these motions were rejected by the district court in light of Rush's appointment of counsel.

Rush's trial counsel filed a motion to withdraw, and a hearing was held on this motion on November 21, 2017.

Rush's counsel advised that his trial schedule had caused difficulties in his attorney-client relationship with Rush. Rush alleged that he did not trust his trial counsel and demanded that he be allowed to proceed pro se. The district court found that there was not sufficient reason to discharge Rush's trial counsel, and the court proceeded to ask several questions to ascertain whether Rush was competent to represent himself and whether this decision was made knowingly, intelligently, and voluntarily. Due to Rush's frequent interruptions and outbursts during the course of the court's questioning, the court found that Rush was "absolutely not capable of representing [himself] because [he could not] even follow the Court's simplest of directions" in answering the court's questions. The court then overruled the motion to withdraw.

Pursuant to a plea agreement, the State filed an amended information charging Rush with one count of second degree assault, a Class IIA felony, pursuant to Neb. Rev. Stat. § 28-309 (Reissue 2016). At a hearing held on April 2, 2018, Rush pled no contest to this charge. After the State presented a factual basis, the district court accepted Rush's no contest plea and found him guilty of second degree assault. After a hearing on May 1, the court sentenced Rush to 18 to 20 years' imprisonment.

Rush subsequently appealed his conviction and sentence. In case No. S-18-502, Rush claimed that (1) the district court erred in denying his trial counsel's motion to withdraw, (2) he received ineffective assistance of trial counsel, and (3) the district court imposed an excessive sentence. In a memorandum opinion filed on August 22, 2019, the Nebraska Supreme Court found no error by the district court and affirmed Rush's conviction and sentence. At the time of his direct appeal, Rush had retained different counsel than his trial counsel.

POSTCONVICTION

On July 20, 2020, Rush, pro se, filed a "Verified Motion for Postconviction Relief." Rush alleged that the Nebraska

Supreme Court's memorandum opinion in case No. S-18-502 violated his rights (1) under the 6th Amendment to the U.S. Constitution when it affirmed the district court's denial of Rush's request to proceed pro se, (2) under the 5th and 14th Amendments to the U.S. Constitution when it affirmed the district court's denial of the motion to withdraw filed by Rush's trial counsel, and (3) under the 6th and 14th Amendments to the U.S. Constitution in finding that Rush did not receive ineffective assistance of trial counsel.

In its responsive motion, the State requested the district court to deny Rush's request for postconviction relief without an evidentiary hearing. The State argued that Rush's claims were all procedurally barred because such claims actually were or could have been litigated on direct appeal in case No. S-18-502. The State subsequently filed a motion to dismiss, alleging that Rush's motion for postconviction relief was not properly verified by Rush as required by Neb. Rev. Stat. § 29-3001(1) (Reissue 2016).

On December 4, 2020, Rush filed a "Request for Recusal," requesting that the district court judge, who had also presided over Rush's criminal proceeding, recuse herself from ruling on Rush's postconviction motion. Rush later filed an "Amendment to Request for Recusal" on December 30. Rush alleged that the district court judge "displayed a personal interest in the outcome of the trial, when . . . she chose to allow [Rush's trial counsel] to represent him" despite the "toxic relationship . . . between counsel and [Rush]," and he asserted the district court judge's denial of "his constitutional rights to effective assistance of counsel, conflict free counsel, and . . . a fair trial . . . justifies recusal."

A hearing was held on January 19, 2021, regarding the parties' motions. The district court overruled Rush's request for recusal, and the State orally withdrew its motion to dismiss regarding Rush's failure to properly verify his motion for postconviction relief.

In its order entered on April 22, 2021, the district court denied Rush's motion for postconviction relief without an evidentiary hearing. The court found that Rush's motion raised the "exact same issues he raised unsuccessfully on appeal to the Nebraska Supreme Court," and these claims were therefore procedurally barred.

Rush appeals.

## ASSIGNMENTS OF ERROR

Rush claims the district court (1) abused its discretion in denying his request for recusal and (2) erred in dismissing his motion for postconviction relief without an evidentiary hearing.

## STANDARD OF REVIEW

[1] A motion requesting a judge to recuse himself or herself on the ground of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. *State v. Buttercase*, 296 Neb. 304, 893 N.W.2d 430 (2017).

[2] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling. *State v. Hessler*, 305 Neb. 451, 940 N.W.2d 836 (2020).

## ANALYSIS

### VERIFICATION OF RUSH'S MOTION
### FOR POSTCONVICTION RELIEF

As a preliminary matter, the State's brief on appeal raises the issue of Rush's motion for postconviction relief not being properly verified. The record indicates that the State initially filed a motion to dismiss Rush's motion for postconviction relief because it was "not properly verified" by Rush. The State's motion claimed that the last name of the signature of the notary public did not match the printed last name on

the notary's stamp. (We observe that upon first glance of the notary public's signature, the last name could be read as something different than the notary public's official stamp; however, upon closer examination, it could certainly be the same name.) The State orally withdrew its motion at the hearing held on January 19, 2021, at which time the district court informed Rush that the State "conceded" his postconviction petition "was sworn to properly" and that the State realized its argument "wasn't a good argument, so [it] gave up on that one."

The State now argues that Rush's postconviction motion "does not contain a verification section, nor is it supported by an accompanying affidavit verifying the motion." Brief for appellee at 8. In its brief on appeal, the State suggested that a case pending before the Nebraska Supreme Court could be dispositive of this appeal.

[3,4] The case referenced by the State in its brief to this court was *State v. Burries*, 310 Neb. 688, 369 N.W.2d 96 (2022); the opinion was released after briefing in this case and likewise involved a postconviction appeal with an alleged deficient verification. Regarding what it means for a motion for postconviction relief to be "verified," the Nebraska Supreme Court observed:

Neb. Rev. Stat. § 29-3001(1) (Reissue 2016) provides in relevant part that "[a] prisoner in custody under sentence and claiming a right to be released . . . may file a verified motion . . . stating the grounds relied upon and asking the court to vacate or set aside the sentence." Section 29-3001 does not define "verified," but the concept is discussed elsewhere in Nebraska Law.

Until 1969, all pleadings filed in Nebraska were required to be verified. Historically, "verified," for the purpose of a pleading, has meant that the signer "believed the facts stated in the pleading to be true." Verification stands in contrast to "acknowledgment," which is "the act by which a party who has executed an instrument goes

before a competent officer and declares or acknowledges the same as his or her genuine and voluntary act and deed." In other words, to "verify" a pleading is to say that the signer believes the facts contained therein are truthful and to "acknowledge" means that the signer of the pleading appears before a notary or other officer, who then confirms that the signer is who the signer purports to be.

We agree that verification of a motion filed under § 29-3001 is undisputedly required. In the normal course of civil procedure, the failure of a litigant to object to the lack of a verified petition waives any argument with respect to that lack of verification. However, we conclude that this usual rule is inapplicable in postconviction actions.

*State v. Burries*, 310 Neb. at 692-93, 969 N.W.2d at 99.

[5] As previously noted, the State in the present case initially filed a motion challenging the verification in Rush's postconviction motion, but it subsequently withdrew that motion. Although the State's withdrawal of its motion challenging Rush's verification might have constituted a waiver of any subsequent such challenge, see, e.g., *In re Interest of L.D. et al.*, 224 Neb. 249, 398 N.W.2d 91 (1986) (failure of litigant to object to lack of verified pleading waives any argument with respect to that defect), we read the last paragraph in the block quote above from *State v. Burries, supra*, to indicate that a challenge to a verification in a postconviction action cannot be waived. Although the concurring opinion in *State v. Burries* cites to *In re Interest of L.D. et al., supra*, and questions the majority's decision to make the waiver rule inapplicable in postconviction actions, the majority's holding nevertheless stands. Therefore, the State's initial objection to Rush's verification and subsequent withdrawal of the same does not preclude further consideration of this issue.

We next observe that while the Nebraska Supreme Court in *State v. Burries* concluded that there was a "defect in

verification" in the defendant's second amended motion for postconviction relief and affirmed the district court's dismissal of the same, the court did not specifically identify the defect. 310 Neb. at 694, 969 N.W.2d at 99. Nor did the Supreme Court specify the exact manner in which a motion for postconviction relief must be verified. We therefore consider additional case law for guidance on this issue.

[6] Proper verification requires the petitioner to communicate that he or she believes that the contents of the pleadings are true. See, *State v. Burries*, 310 Neb. at 692, 969 N.W.2d at 99 ("[h]istorically, 'verified,' for the purpose of a pleading, has meant that the signer 'believed the facts stated in the pleading to be true'"); *Marshall v. State*, 116 Neb. 45, 48, 215 N.W. 564, 566 (1927), *disapproved on other grounds, Hameyer v. State*, 148 Neb. 798, 29 N.W.2d 458 (1947) ("[v]erify means 'The swearing to an affidavit. To confirm and substantiate by oath'").

While the State is correct that Rush's motion for postconviction relief lacks a separate section entitled "verification" or a separate supporting affidavit, we note that Rush's motion contains his signature, the date, a notary's signature, and a notary stamp, in two places: once following the concluding paragraph of the motion and again following the certificate of service. In the second signature section, it states: "SUBSCRIBE [sic] AND SWORN TO BEFORE ME THIS 16th DAY OF JULY, 2020." This is followed by the words, "NOTARY PUBLIC," which is then followed by the notary's signature and stamp.

Given the above language included in Rush's motion for postconviction relief, we find the Nebraska Supreme Court's decision in *State v. Jones*, 254 Neb. 212, 575 N.W.2d 156 (1998), *disapproved on other grounds, State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998), to provide guidance on this issue. In *State v. Jones, supra*, the Nebraska Supreme Court addressed the question of whether a criminal information was properly verified by the State as it related to a

prisoner's postconviction claim of ineffective assistance of trial counsel. The initial information filed did not contain a formal verification in which the county attorney swore that the facts in the information were true. The prisoner alleged that the failure to include this verification caused the information to be deficient under Neb. Rev. Stat. § 29-1603 (Reissue 1995), which provided that "[a]ll informations shall be verified by the oath of the county attorney, complainant, or some other person . . . ." *State v. Jones*, 254 Neb. at 215, 575 N.W.2d at 159. However, citing to *Marshall v. State, supra*, the Supreme Court found that while lacking formal verification, the information had been properly verified in accordance with § 29-1603 because it had "been subscribed and sworn to [by the county attorney] before the deputy clerk of the district court" with accompanying signatures by the deputy county attorney and the seal of the district court. *State v. Jones*, 254 Neb. at 217, 575 N.W.2d at 160.

Based on the foregoing case law, we find that the first signature section, which contains only Rush's signature, the date, and the notary's signature and stamp, serves only as an acknowledgment rather than a verification. See *State v. Burries*, 310 Neb. 688, 969 N.W.2d 96 (2022) (acknowledgment means signer of pleading appears before notary, who then confirms signer is who signer purports to be). However, we find the language contained in the second signature section at the end of Rush's motion for postconviction relief to be a sufficient verification. In that signature section, it indicates that the document was "SUBSCRIBE[D] AND SWORN TO" by Rush before a notary public on the date indicated and was accompanied by both Rush's signature and the notary's signature and official stamp. This adequately "'confirm[s] and substantiate[s] by oath'" that Rush believed the contents of his motion were true. See *Marshall v. State*, 116 Neb. at 48, 215 N.W. at 566. Accordingly, we conclude that Rush's motion for postconviction relief was properly verified under § 29-3001, and we proceed now to address Rush's allegations on appeal.

### REQUEST FOR DISTRICT COURT JUDGE'S RECUSAL

[7-9] Rush alleges the district court abused its discretion in denying his request that the district court judge recuse herself from this postconviction action. Under the Nebraska Revised Code of Judicial Conduct, a judge must recuse himself or herself from a case if the judge's impartiality might reasonably be questioned. *State v. Buttercase*, 296 Neb. 304, 893 N.W.2d 430 (2017). A defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality. *Id.* The Nebraska Supreme Court has stated that in "evaluating a trial judge's alleged bias, the question is whether a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown." *Id.* at 314, 893 N.W.2d at 439.

Rush alleges that the proceedings held before the district court involved exchanges of "chaotic words . . . as [Rush] diligently attempted to proceed pro se" that resulted in numerous "capricious and egregious admonishments that crossed the threshold of judicial misconduct" from the district court judge. Brief for appellant at 6. He further argues that the district court's refusal to allow his trial counsel to withdraw and thereby allow Rush to proceed pro se was demonstrative of the judge's "bias and prejudice." *Id.* at 7. Based on these allegations stemming from the prior criminal prosecution, he claims that the district court judge's failure to recuse herself in this postconviction action was an abuse of discretion.

[10] Having reviewed the record in this case, we find the district court correctly denied Rush's request for recusal. We first observe that there is no rule of law which automatically disqualifies a judge who presided over the petitioner's prior criminal proceeding from subsequently considering the petitioner's motion for postconviction relief. See *State v. McHenry*, 268 Neb. 219, 682 N.W.2d 212 (2004). Rush does

not direct this court to any particular exchange or statement on the record. However, the record indicates that the district court's admonitions were the result of Rush's frequent interruptions and nonresponsive answers during the court's instructions and questioning. These admonitions appear to be even-handed instructions for Rush to not interrupt and to answer the court's questions as directed, and it was Rush's continued interruptions and failure to follow the court's directives that resulted in the court's denial of the motion to withdraw. Other exchanges between Rush and the district court included the court's advisement of the difficulties in proceeding pro se in light of the charges and the rights waived by pleading no contest. Given this record, no reasonable person who knew the circumstances of this case would question the district court judge's impartiality under an objective standard of reasonableness. Accordingly, the district court's denial of Rush's request for recusal was not an abuse of discretion.

### Denial of Postconviction Relief Without Evidentiary Hearing

Rush claims the district court erred in denying his motion for postconviction relief without an evidentiary hearing. His motion alleges three grounds for relief directed at the Nebraska Supreme Court's decision in case No. S-18-502 concerning Rush's claims on direct appeal.

[11-13] Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *Id*. In the absence of alleged facts that would render the judgment void or voidable, the proper course is to overrule the

motion for postconviction relief without an evidentiary hearing. *State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018).

[14-17] A trial court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Newman, supra*. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in a case affirmatively show the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id*. Thus, in a postconviction proceeding, an evidentiary hearing is not required (1) when the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights; (2) when the motion alleges only conclusions of fact or law; or (3) when the records and files affirmatively show that the defendant is entitled to no relief. *Id*. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020).

As previously described, the allegations set forth in Rush's motion for postconviction relief take issue with the Nebraska Supreme Court's findings and holdings in case No. S-18-502 concerning his request to proceed pro se, his trial counsel's motion to withdraw, and his allegations of ineffective assistance of trial counsel. These matters were already addressed on direct appeal, and Rush's claims are therefore procedurally barred. See *State v. Parnell, supra*. The district court did not err in denying his motion for postconviction relief without an evidentiary hearing.

## CONCLUSION

For the reasons set forth above, we affirm the order of the district court denying Rush's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.