Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/01/2022 09:08 AM CDT

State of Nebraska, appellee,
v. Anthony L. Burries,
appellant.

___ N.W.2d ___

Filed January 14, 2022.    No. S-20-551.

1. **Judgments: Appeal and Error.** When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling.
2. **Postconviction: Courts: Default Judgments.** The Nebraska Postconviction Act does not authorize a district court to enter a default judgment.
3. **Pleadings: Words and Phrases.** Historically, "verified," for the purpose of a pleading, has meant that the signer believed the facts stated in the pleading to be true.
4. **Acknowledgments: Words and Phrases.** Verification stands in contrast to "acknowledgment," which is the act by which a party who has executed an instrument goes before a competent officer and declares or acknowledges the same as his or her genuine and voluntary act and deed.

Appeal from the District Court for Douglas County: J Russell Derr, Judge. Affirmed.

Beau Finley, of Law Offices of Beau Finley, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ., and Harder, D.J.

Heavican, C.J.

## INTRODUCTION

Anthony L. Burries' motion for default judgment was denied, and his motions seeking postconviction relief were dismissed. He appeals. We affirm.

## BACKGROUND

Burries was convicted of first degree murder and sentenced to life imprisonment in 2015. The underlying facts are available in this court's opinion on Burries' direct appeal, in which we affirmed his conviction and sentence.[1]

With the assistance of different counsel than at trial and on appeal, on August 23, 2018, Burries filed a motion for postconviction relief, alleging that trial and appellate counsel were ineffective in various ways. The State filed a motion to dismiss.

Though represented by counsel, on February 12, 2019, Burries filed his own pro se motion, styled as a "Motion for Postconviction Relief." A few months later, counsel filed a motion for leave to file a second amended motion for postconviction relief. A hearing was held on that motion on April 23, during which the motion for leave to file a second amended complaint was granted. Burries was instructed that because he was represented by counsel, he could not file any additional pro se motions. Still, on that same day, Burries filed a 655-page pro se filing, styled as a "Second Amended Motion for Postconviction Relief."

On July 1, 2019, Burries sought to remove counsel. He also filed various motions and a specific objection to his counsel's filing of a second amended motion for postconviction relief. Burries indicated that counsel had refused to include claims which Burries wanted to pursue and had failed to include certain exhibits in the second amended postconviction motion. The district court entered a briefing schedule and indicated

---

[1] *State v. Burries*, 297 Neb. 367, 900 N.W.2d 483 (2017).

that it would not address the motion to relieve counsel until counsel moved to withdraw.

Counsel then filed such a motion on September 9, 2019. That motion was granted on September 26. Burries filed a pro se motion for default judgment on October 29. The district court denied the motion for default judgment on January 23, 2020.

On March 11, 2020, the district court, noting that the various pleadings that had been filed had led to "some confusion as to what motion/pleading is currently pending before the Court," sought to "press the reset button." Accordingly, the district court entered an order granting Burries leave to file a third amended petition. Burries then filed several objections, indicating that he did not wish to file a third amended motion.

On July 22, 2020, the district court entered the following order:

> The Court entered an Order on March 11, 2020[,] giving [Burries] leave to file a Third Amended Motion for Postconviction Relief within 30 days. [Burries] did not file a Third Amended Motion for Postconviction Relief and more than 30 days has passed.
>
> IT IS THEREFORE ORDERED, [Burries'] Second Amended Motion for Postconviction Relief is overruled.

Burries, now represented by different counsel, appeals.

## ASSIGNMENTS OF ERROR

Burries assigns that the district court erred in (1) denying Burries' motion for default judgment, (2) not allowing Burries to be heard on his motion for default judgment, and (3) dismissing Burries' second amended motion for postconviction relief.

## STANDARD OF REVIEW

[1] When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling.[2]

---

[2] *State v. Munoz*, 309 Neb. 285, 959 N.W.2d 806 (2021).

## ANALYSIS

### Default Judgment

In his first and second assignments of error, Burries assigns that the district court erred in not giving him an opportunity to be heard with respect to his motion for default judgment, and then denying that motion. Burries' position is that when the State failed to file a brief in response to his second amended motion for postconviction relief, the State effectively withdrew its motion to dismiss and conceded that he was entitled to relief. The State disagrees.

[2] We were recently presented with a similar argument in *State v. Britt*.[3] In that case, the defendant sought postconviction relief and argued that the State's failure to file a timely response entitled him to an entry of default judgment. We disagreed, noting that "the Nebraska Postconviction Act does not authorize the district court to grant postconviction relief without first conducting an evidentiary hearing and making findings of fact and conclusions of law" and that the "court was not empowered to award a default judgment."[4] Accordingly, the Nebraska Postconviction Act does not authorize a district court to enter a default judgment.[5]

There is no merit to Burries' first and second assignments of error with regard to the denial of his motion for default judgment.

### Motion for Postconviction Relief

In his third assignment of error, Burries assigns that the district court erred in dismissing his second amended motion for postconviction relief. On appeal, Burries focuses on the merits of that postconviction motion, while the State contends that the district court did not err in dismissing (1) because there was no basis to proceed on the second amendment petition,

---

[3] *State v. Britt, ante* p. 69, 963 N.W.2d 533 (2021).

[4] *Id.* at 80, 963 N.W.2d at 541-42.

[5] See *Britt, supra* note 3.

(2) because of Burries' failure to file a third amended motion, and (3) because the second amended petition was not verified. As we explain below, we conclude that Burries' failure to file a verified petition is a defect that supports the district court's dismissal. As such, we decline to reach the other arguments raised on appeal.

On appeal, the State argues that Burries' operative second amended motion for postconviction relief was not verified and that the district court's dismissal should be affirmed on those grounds.

Neb. Rev. Stat. § 29-3001(1) (Reissue 2016) provides in relevant part that "[a] prisoner in custody under sentence and claiming a right to be released . . . may file a verified motion . . . stating the grounds relied upon and asking the court to vacate or set aside the sentence." Section 29-3001 does not define "verified," but the concept is discussed elsewhere in Nebraska law.

[3,4] Until 1969, all pleadings filed in Nebraska were required to be verified.[6] Historically, "verified," for the purpose of a pleading, has meant that the signer "believed the facts stated in the pleading to be true."[7] Verification stands in contrast to "acknowledgment," which is "the act by which a party who has executed an instrument goes before a competent officer and declares or acknowledges the same as his or her genuine and voluntary act and deed."[8] In other words, to "verify" a pleading is to say that the signer believes the facts contained therein are truthful and to "acknowledge" means that the signer of the pleading appears before a notary or other officer, who then confirms that the signer is who the signer purports to be.

---

[6]  See Neb. Rev. Stat. § 25-824 (Cum. Supp. 1969).

[7]  See *AVG Partners I v. Genesis Health Clubs*, 307 Neb. 47, 86, 948 N.W.2d 212, 243 (2020) (citing Neb. Rev. Stat. § 25-827 (1943) and *Harden v. A. & N. R. R.*, 4 Neb. 521 (1876)).

[8]  *AVG Partners I, supra* note 7, 307 Neb. at 85, 948 N.W.2d at 242.

We agree that verification of a motion filed under § 29-3001 is undisputedly required. In the normal course of civil procedure, the failure of a litigant to object to the lack of a verified petition waives any argument with respect to that lack of verification.[9] However, we conclude that this usual rule is inapplicable in postconviction actions.

Section 29-3001 provides in relevant part:

> Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney, grant a prompt hearing thereon, and determine the issues and make findings of fact and conclusions of law with respect thereto.

Under the terms of § 29-3001(1), certain "prisoner[s] in custody" have the ability to file a motion seeking postconviction relief. Upon the filing of that motion, the court has the obligation to determine whether the prisoner is entitled to no relief, in which case the motion is dismissed, or, alternatively, conclude that the defendant is entitled to a hearing to determine if he or she is entitled to relief.

If it is determined that a prisoner is entitled to a hearing, the court shall, under § 29-3001(2), "cause notice thereof to be served on the county attorney." Though the State, through its county attorneys, can, and often does, participate at earlier points in the process, the State is only called upon to take action with respect to a motion once it receives notice from the court. We decline to conclude that the State has the obligation to raise issues concerning a postconviction action at a time prior to that mandated by statute.

We observe that although Burries' pro se second amended motion was not verified, earlier pleadings by Burries were verified. We further observe that we have case law which suggests the verification of earlier motions might be sufficient to comply with the statutory requirement of verification.[10] But

---

[9] See *In re Interest of L.D. et al.*, 224 Neb. 249, 398 N.W.2d 91 (1986).

[10] See *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015).

this position is not consistent with the general proposition, both in Nebraska law and more generally, that an amended pleading supersedes any original pleadings and that after amendment, the original pleading ceases to have any function.[11] To the extent that our decision in *State v. Crawford*[12] might suggest that an earlier verified motion is sufficient, it is disapproved.

The district court's reasoning for dismissal was not explicitly based upon lack of verification. But a correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.[13] Burries' defect in verification supports the district court's dismissal, and we find no merit to Burries' third assignment of error; hence, we affirm.

CONCLUSION

The decision of the district court is affirmed.

AFFIRMED.

FREUDENBERG, J., not participating.

---

[11] See *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996). See 71 C.J.S. *Pleading* § 464 (2011).

[12] *Crawford, supra* note 10.

[13] *State v. Billingsley*, 309 Neb. 616, 961 N.W.2d 539 (2021).

MILLER-LERMAN, J., concurring.

I concur in the result in this appeal, but I write separately because I believe that the majority's absence of analysis engenders more questions than it answers and because I wish to clarify the status of this postconviction action going forward.

I note first that I agree with the majority's analysis and conclusion with regard to Burries' first and second assignments of error. That is, I agree we should affirm the denial of his motion for default judgment.

With regard to Burries' third assignment of error, in which he claims that the district court erred when it overruled and later dismissed his second amended motion for postconviction relief, I note that the majority has affirmed the dismissal

solely on the basis that the second amended motion was not verified by Burries. See Neb. Rev. Stat. § 29-3001(1) (Reissue 2016). Even though the lack of verification was not presented to the district court nor the basis upon which the district court dismissed the second amended motion, the lack of verification can be a proper basis to support a dismissal. Under the procedure set forth by the postconviction statutes, it would have been proper for the district court, as part of its preliminary review of the motion, to have raised the lack of verification sua sponte. Because that was a basis upon which the court could have dismissed the second amended motion, dismissal by the district court happened to be acceptable and, therefore, its disposition is properly affirmed by this court for reasoning different than that set forth by the district court.

However, the issue of lack of verification was first injected into this case when the State raised the defect for the first time on appeal; I find this problematic and not to be encouraged. The State filed a motion to dismiss the second amended motion in the district court, and nowhere in the motion to dismiss did the State raise the issue of lack of verification. As the majority acknowledges, we have long held that in the normal course of litigation, the failure of a litigant to object to the lack of a verified pleading waives any argument with respect to that defect. See *In re Interest of L.D. et al.*, 224 Neb. 249, 398 N.W.2d 91 (1986). But for some undisclosed reason, the majority chose to broadly declare in this case that "this usual rule is inapplicable in postconviction actions." Why?

The majority correctly notes that under § 29-3001, upon the filing of a motion for postconviction relief, the court reviews the motion to make a preliminary determination whether "the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief." If the court determines, based on this preliminary review, that the prisoner is entitled to no relief, the court will dismiss the motion. If, however, the court does not so conclude, then the court is required to, inter alia, cause notice to be served on

the county attorney, thereby bringing the State into the post-conviction action. During the trial court's initial review and prior to noticing the State into this case, obviously the State cannot object to such verification defect when it has not yet been given notice and is not yet participating in the action.

However, the majority acknowledged that "the State, through its county attorneys, can and often does participate at earlier points in the process." See, also, *State v. Hill*, 308 Neb. 511, 525, 955 N.W.2d 303, 311, 312 (2021) (Stacy, J., concurring) ("a district court, as part of its preliminary review of a postconviction motion, has discretion to adopt reasonable procedures to assist the court in determining whether an evidentiary hearing is required," and "it is not an abuse of discretion to direct the State to file a written response before deciding whether to grant or deny an evidentiary hearing on the motion"). When the State has been brought into the case, it is obliged to raise the absence of verification or waive said objection. Further, "to assist the court," the State has the obligation to raise the lack of verification because that would show the court that the prisoner was entitled to no relief.

The record in this case indicates that the district court brought the State into the case to assist it in its preliminary review of Burries' postconviction motion. The State filed a motion to dismiss the original motion for postconviction relief which had been filed by counsel and verified by Burries. The State later filed a motion to dismiss the second amended motion which generally tracked the language of its motion to dismiss the original motion. The motion to dismiss did not raise lack of verification as a reason to dismiss the second amended motion, and there is no apparent reason it could not have been raised by the State therein.

It is puzzling why the majority broadly announced that the usual rule of waiver does not apply to the State in a post-conviction action, and what is more, it was also unnecessary to make that holding in this case. Given the unique statutory procedure in a postconviction action in which the court

conducts a preliminary review of the motion to determine whether it shows that the prisoner is entitled to no relief, I think it is appropriate for a court to note lack of verification at that early stage sua sponte. In *State v. Amaya*, 298 Neb. 70, 77, 902 N.W.2d 675, 681 (2017), we held that

> if, as part of its preliminary review, the trial court finds the postconviction motion affirmatively shows—either on its face or in combination with the files and records before the court—that it is time barred under § 29-3001(4), the court is permitted, but not obliged, to sua sponte consider and rule upon the timeliness of the motion.

Similarly, I think a court in its preliminary review could sua sponte consider and rule upon whether the motion is properly verified. In this case, in its preliminary review, the court could have dismissed the second amended motion because it was not verified, even though the State, although appearing, had waived the verification issue. Given the trial court's authority, I therefore think this court could affirm the dismissal on this basis without gratuitously and broadly stating without explanation or analysis that the usual rule of waiver does not apply to the State in postconviction actions.

Finally, I want to set forth where I think this action currently stands. I note that the district court in its July 22, 2020, order "overruled" the second amended motion; it did not state that it was dismissing the action or that the dismissal was with prejudice. The majority affirms the district court's order without requiring the district court to take the further step of dismissing the action with prejudice. So the matter is amenable to correction at the trial court level.

So when this case returns to the district court, Burries will have the opportunity to request leave to amend the second amended motion to include verification and the district court would be well within its discretion to grant such leave. I note as a general matter that a "defective verification may be corrected by amendment" and that the "failure to verify a pleading or the imperfect verification of a pleading is an amendable

defect." 71 C.J.S. *Pleading* § 504 at 513 (2011). Leave to amend would be particularly appropriate in this case because the lack of verification was not raised as an issue below, and therefore, Burries did not have notice or the opportunity to request leave to amend to cure that defect. The first two motions filed by Burries were verified, and they were filed at a time when Burries was represented by counsel. Burries filed the second amended motion at a time after counsel was allowed to withdraw and Burries was acting pro se. Burries signed the second amended motion and had his signature notarized; although this is not adequate to qualify as verification without a statement that allegations in the motion were true, Burries, as a pro se litigant, might have believed it sufficient to constitute a verified motion.

I note that the U.S. Supreme Court has said with regard to the Federal Rules of Civil Procedure that it is "entirely contrary to the spirit of the . . . Rules . . . for decisions on the merits to be avoided on the basis of . . . mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). The Court further stated that the "'Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Id.*, 371 U.S. at 181-82 (quoting *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Postconviction actions involve constitutional challenges related to guilt and lengthy prison terms; the stakes are high. I think that our statutes governing postconviction actions should be read such that a decision on the merits is not avoided based on technicalities and pleading requirements which can be corrected. This court should not participate in "a game" pursuant to which a pleading misstep determines the outcome. Although the Legislature has reasons the statutes require a verified motion, a failure to verify should not prevent relief without giving the litigant the opportunity to correct that defect.

In summary, I am puzzled with the analytical path followed by the majority, but for reasons I have articulated, I agree the decision of the district court should be affirmed. I understand that this postconviction action can proceed below if the district court grants Burries leave to file a new motion which corrects the verification defect. The court would then conduct a preliminary review to determine whether the motion and the files and record show that Burries is entitled to no relief or whether an evidentiary hearing should be granted. Therefore, I concur in the result, but I would make clear the matter is remanded for further proceedings.