Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/30/2026 09:08 AM CST

State of Nebraska, appellee, v. Donald G.
Anthony, appellant.

___ N.W.3d ___

Filed January 30, 2026.    No. S-25-057.

1. **Rules of the Supreme Court: Appeal and Error.** Parties who wish to secure appellate review of their claims must abide by the rules of the Nebraska Supreme Court. Any party who fails to properly identify and present its claim does so at its own peril.

2. **____: ____.** Depending on the particulars of each case, failure to comply with the mandates of Neb. Ct. R. App. P. § 2-109(D) (rev. 2024) may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all.

3. **Appeal and Error.** Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.

4. **Pleadings: Words and Phrases.** Historically, "verified," for the purpose of a pleading, has meant that the signer believed the facts stated in the pleading to be true.

5. **Pleadings.** When the title of a filing does not reflect its substance, it is proper for a court to treat a pleading or motion based on its substance rather than its title.

6. **Postconviction: Pleadings: Oaths and Affirmations: Time.** A separate verification—in proper form, supported by oath or affirmation, directed solely and exclusively to a specified motion for postconviction relief, and filed simultaneously with that motion—satisfies the verification requirement of Neb. Rev. Stat. § 29-3001(1) (Cum. Supp. 2024).

7. **Appeal and Error.** Generally, an appellate court will find plain error only when a miscarriage of justice would otherwise occur.

Appeal from the District Court for Hall County: Patrick M. Lee, Judge. Affirmed.

Donald G. Anthony, pro se.

Michael T. Hilgers, Attorney General, and Jordan Osborne for appellee.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Cassel, J.

## INTRODUCTION

Donald G. Anthony moved for postconviction relief,[1] and the district court overruled his motion without a hearing, in part, for lack of verification.[2] He appeals but has failed to set forth assignments of error.[3] On plain error review, we find that the motion was sufficiently verified by a separate document. But nonetheless, we see no plain error in the ultimate disposition. We affirm.

## BACKGROUND

A jury found Anthony guilty of first degree murder, use of a deadly weapon to commit a felony, and possession of a deadly weapon by a prohibited person. The underlying facts were recited in our opinion on direct appeal, which affirmed Anthony's convictions.[4]

Anthony filed his motion for postconviction relief within 1 year after we issued our mandate on direct appeal. Thus, the motion was timely.[5]

---

[1] See Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 2016 & Cum. Supp. 2024).

[2] See § 29-3001(1).

[3] See Neb. Ct. R. App. P. § 2-109(D)(1) (rev. 2024).

[4] See *State v. Anthony*, 316 Neb. 308, 4 N.W.3d 393 (2024).

[5] See § 29-3001.

The district court overruled it, without an evidentiary hearing, on two independent grounds: a lack of verification and substantive defects. We will discuss the court's reasoning and provide additional details regarding the motion and accompanying documents in our analysis.

Anthony filed a timely appeal, which was docketed with this court.[6] We overruled the State's motion for summary affirmance.[7]

## ASSIGNMENTS OF ERROR

Anthony's appellate brief does not comply with our court rules.[8] Our rules of appellate practice require that an appellant's initial brief include a section containing a "separate, concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error."[9]

Section 2-109(D)(1) provides that the "brief of appellant . . . shall contain the following sections, under appropriate headings." The sections specified are the title page, a table of contents, a statement of the basis of jurisdiction, a statement of the case, a statement of each error a party contends was made by the trial court, propositions of law, a statement of facts, a summary of the argument, and the argument.[10]

Anthony's appellate brief contains no separate section for assignments of error and no specific assignment. It sets forth five sections entitled: "Table of Contents," "Table of Authorities," "Issue," "Facts," and "Propositions of Law." His argument is scattered throughout the issue, facts, and propositions of law sections.

---

[6] See Neb. Rev. Stat. § 24-1106(1) (Cum. Supp. 2024).

[7] See Neb. Ct. R. App. P. § 2-107(B)(2) (rev. 2022).

[8] See § 2-109(D)(1).

[9] *Id.*

[10] See *id.*

[1,2] Parties who wish to secure appellate review of their claims must abide by the rules of the Nebraska Supreme Court. Any party who fails to properly identify and present its claim does so at its own peril.[11] Depending on the particulars of each case, failure to comply with the mandates of § 2-109(D) may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all.[12]

Here, we elect to review for plain error.

## STANDARD OF REVIEW

[3] Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.[13]

## ANALYSIS

Although the district court employed two independent grounds for overruling Anthony's motion for postconviction relief, we proceed with a plain error review focusing primarily on one ground: that the motion lacked verification. But before addressing the verification issue, we provide additional background gleaned from the record.

## Record

According to the appellate transcript, Anthony submitted three filings on the same date. At oral argument, the State did not dispute that the three filings were submitted together. We recite them in the order in which they appear in the transcript. Within the three filings are two key documents.

---

[11] *County of Lancaster v. County of Custer*, 313 Neb. 622, 985 N.W.2d 612 (2023).

[12] *Id.*

[13] *State v. Price, ante* p. 1, 26 N.W.3d 70 (2025).

One key document is the first filing: a 3-page "Motion for Verified Postconviction Relief and Evidentiary Hearing." We recite the motion's substantive allegation later in this opinion.

Only for completeness, we note the next filing—a memorandum brief and an attached "Affirmation" directed only to the content of the brief.

The other key document is an "Affirmation" attached to the third filing. This "Affirmation" referred explicitly and exclusively to Anthony's motion for postconviction relief, although the transcript shows it as the second page of a motion for appointment of counsel. Without referring to appointment of counsel, the "Affirmation" stated:

> I, . . . Anthony, Defendant pro se., on Verified Motion for Postconviction Relief N.R.S. § 29-3001 et seq.,(Reissue 2016), do swear or affirm under penalty of perjury that three pages of Verified Motion for Postconviction Relief was mailed to the Hall County Attorneys Office . . . and that the facts are true therein, and accurate as I verily believe.

This document was subscribed by Anthony and sworn before a notary public.

Without an evidentiary hearing, the district court overruled Anthony's motion for postconviction relief on two grounds. First, relying on *State v. Burries*,[14] it concluded that the motion lacked proper verification. It reasoned that the "Affirmation" attached to the second filing applied only to the brief, and not to the postconviction motion. But the court did not address the legal effect of the "Affirmation" attached to the third filing. Alternatively, the court concluded that Anthony's sole claim failed on the merits.

We agree that the "Affirmation" attached to the second filing did not apply to the motion for postconviction relief. Its content referred only to the memorandum brief to which it

---

[14] *State v. Burries*, 310 Neb. 688, 969 N.W.2d 96 (2022).

was attached. But we address the "Affirmation" attached to the third filing in the next section.

## Verification Requirement

[4] Section 29-3001(1) provides that "[a] prisoner in custody under sentence and claiming a right to be released . . . may file a verified motion . . . stating the grounds relied upon and asking the court to vacate or set aside the sentence." As we observed in *Burries*, § 29-3001 does not define "verified," but the concept is discussed elsewhere in Nebraska law:

> Until 1969, all pleadings filed in Nebraska were required to be verified. Historically, "verified," for the purpose of a pleading, has meant that the signer "believed the facts stated in the pleading to be true." Verification stands in contrast to "acknowledgment," which is "the act by which a party who has executed an instrument goes before a competent officer and declares or acknowledges the same as his or her genuine and voluntary act and deed." In other words, to "verify" a pleading is to say that the signer believes the facts contained therein are truthful and to "acknowledge" means that the signer of the pleading appears before a notary or other officer, who then confirms that the signer is who the signer purports to be.[15]

The district court relied upon *Burries* in concluding that Anthony's motion lacked verification. There, a prisoner filed a pro se second amended motion for postconviction relief that was not verified, though earlier pleadings by him were verified. We agreed with the State that verification of a motion filed under § 29-3001 is "undisputedly required"[16] and that the failure to file a verified petition was a defect that supported the district court's dismissal. We disapproved of a

---

[15] *Id*. at 692, 969 N.W.2d at 99.

[16] *Id.* at 693, 969 N.W.2d at 99.

prior decision[17] to the extent that it might have suggested that an earlier verified motion is sufficient to comply with the statutory requirement of verification.

But the circumstances here are materially different. Anthony did not attempt to rely on an earlier pleading to meet the verification requirement. The first filing was his original motion, and he attempted to verify it by simultaneously filing an "Affirmation" referring exclusively to his postconviction motion. To the extent that the district court read *Burries* to preclude consideration of a simultaneously filed document verifying a motion for postconviction relief, we disapprove of such reading.

Our analysis centers on the content of the "Affirmation" attached to the third filing. The district court's ruling did not mention that document.

[5,6] The "Affirmation" attached to the third filing satisfied the verification requirement for Anthony's motion for postconviction relief. We have previously said that when the title of a filing does not reflect its substance, it is proper for a court to treat a pleading or motion based on its substance rather than its title.[18] This "Affirmation" referred to the three pages of Anthony's motion for postconviction relief and said that he believes the facts contained therein are truthful. It was also signed by Anthony and duly sworn. It does not matter that it was not attached to the postconviction motion. We now hold that a separate verification—in proper form, supported by oath or affirmation, directed solely and exclusively to a specified motion for postconviction relief, and filed simultaneously with that motion—satisfies the verification requirement of § 29-3001(1).

Here, the verification was sufficient. But an examination for plain error requires that we examine whether the court's

---

[17] See *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015), *disapproved, State v. Burries, supra* note 14.

[18] *Hawk v. Hawk*, 319 Neb. 120, 21 N.W.3d 303 (2025).

verification ruling prejudicially affected Anthony's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. In the next section, we determine that it did not.

## No Plain Error

The district court's alternative ground for overruling Anthony's motion for postconviction relief was that his sole claim failed on the merits. The motion alleged a violation of Anthony's federal and state constitutional rights due to "Ineffective Assistance of Counsel, when trial counsel failed to provide all 'EXCULPATORY EVIDENCE AND WITNESS' for [Anthony's] defense, during Pretrial, Trial and Sentence; Thus, BRADY violation." (Emphasis in original.)

To support that ground, the motion alleged:

Anthony requested his "Trial Counsel" to present the evidence of the "DNA/BLOOD TEST" that was within States Discovery, and was denied the right to have said evidence presented for the purpose to prove his guilt or innocence; and Anthony requested that the "witness" of the Nebraska State Patrol . . . would have provided evidence of the "Crime Lab Reports" sufficient to prove his guilt or innocence, which both evidence would have shown the "material elements" presented by the State Prosecutor's was without merit, and further show that Anthony could not have . . . committed the Murder.

Ordinarily, in appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[19] But, here, our review is limited to plain error.

An evidentiary hearing is not required when a motion for postconviction relief alleges only conclusions of fact or law

---

[19] *State v. Trail*, 319 Neb. 84, 21 N.W.3d 61 (2025).

without supporting facts.[20] Among other reasons, the district court determined that Anthony's motion pled mere conclusions of fact or law.

[7] We see no plain error in the court's decision on the merits. Consequently, the court's verification ruling was not plainly erroneous. Generally, an appellate court will find plain error only when a miscarriage of justice would otherwise occur.[21] We see none here.

## CONCLUSION

Anthony's separate verification, coupled with his motion for postconviction relief, satisfied the requirement of § 29-3001(1) for a verified motion. But seeing no plain error, we affirm the district court's order denying relief.

AFFIRMED.

---

[20] *State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025).

[21] *State v. Molina, ante* p. 544, 28 N.W.3d 837 (2025).