IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. QUINN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

WILLIAM J. QUINN, APPELLANT.

Filed February 17, 2026.    No. A-25-215.

Appeal from the District Court for Furnas County: PATRICK M. HENG, Judge. Affirmed.

William J. Quinn, pro se.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

MOORE, BISHOP, and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

William J. Quinn appeals from the order of the district court for Furnas County, which denied his motion for postconviction relief without an evidentiary hearing. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

This case arose out of a relationship between Quinn, born April 1964, and C.G., born October 2003. Quinn and C.G. began communicating over social media in March 2019 and developed a sexual relationship in June when C.G. moved back to Nebraska.

On July 8, 2020, the State filed an amended information which charged Quinn with four counts of first degree sexual assault of a child in violation of Neb. Rev. Stat. § 28-319.01(1)(b) (Reissue 2016), a Class IB felony; one count of first degree sexual assault in violation of Neb. Rev. Stat. § 28-319 (Reissue 2016), a Class II felony; two counts of sex trafficking of a minor in

- 1 -

violation of Neb. Rev. Stat. § 28-830 (Cum. Supp. 2020), a Class IB felony; three counts of manufacturing a visual depiction of sexually explicit conduct in violation of Neb. Rev. Stat. § 28-1463.03(1) (Reissue 2016), a Class ID felony; two counts of possession of a visual depiction of sexually explicit conduct in violation of Neb. Rev. Stat. § 28-813.01(1) (Cum. Supp. 2020), a Class IIA felony; two counts of enticement by an electronic communication device in violation of Neb. Rev. Stat. § 28-833 (Reissue 2016), a Class IV felony; and one count of child abuse in violation of Neb. Rev. Stat. § 28-707 (Cum. Supp. 2020), a Class IIIA felony. Quinn thereafter entered a plea of not guilty to all charges set forth in the amended information and waived a preliminary hearing related to the amended information.

A jury trial was held over 8 days in June 2021. The jury found Quinn guilty of counts I through III (first degree sexual assault of a child), counts V and VI (sex trafficking of a minor), counts VII through IX (manufacturing a visual depiction of sexually explicit conduct), counts X and XI (possession of a visual depiction of sexually explicit conduct), counts XII and XIII (enticement by electronic communication device), and count XIV (child abuse). The jury found Quinn not guilty of count IV, first degree sexual assault.

Quinn was subsequently sentenced to 30 to 50 years' imprisonment on each of counts I through III, V, and VI, noting that for counts I through III, 15 years of each minimum term are the mandatory minimum, and Quinn must serve all such 15 years without credit for good time. On each of counts VII through IX, Quinn was sentenced to 15 to 35 years' imprisonment, with 3 years being the mandatory minimum for which Quinn must serve without credit for good time. Quinn was sentenced to 10 to 15 years' imprisonment on both counts X and XI; 9 to 24 months' imprisonment on both counts XII and XIII; and 9 to 27 months on count XIV. The court ordered counts I through III, V, and VI to run consecutively to one another; counts VII through XIII to run concurrently with one another but consecutively to the first five counts; and count XIV to run consecutively to all counts.

On direct appeal, Quinn assigned that the district court erred in (1) admitting rule 404 testimony and not receiving the deposition of an unavailable witness; (2) denying his motion to dismiss; and (3) denying his motion for mistrial. He further assigns that (4) the evidence was insufficient to support specific convictions; (5) the sentences imposed were excessive; and (6) his trial counsel was ineffective for failing to provide affidavits in support of his motion for change of venue, to enter a letter by United States Senator Ben Sasse to the Department of Justice requesting their assistance in prosecuting Quinn and his codefendants into evidence, and to object to various electronic exhibits and for stipulating to foundational requirements for their admission into evidence. This court affirmed Quinn's convictions and sentences in a memorandum opinion on December 6, 2022, in case No. A-21-1038.

On December 4, 2023, Quinn, now self-represented, filed a motion for postconviction relief, setting forth 10 claims for relief. Quinn first alleged that trial counsel was ineffective for failing to (a) offer Sasse's letter into evidence; (b) call various witnesses to testify, including Quinn; (c) move to suppress evidence obtained from social media; (d) offer additional evidence to support his motion to change venue; and (e) object to certain jurors and to the jury selection procedure. He further alleged his trial counsel was ineffective for (f) "rushing through his defense" so that counsel could "make a timely transfer of law firms."

Second, Quinn alleged 14 instances of prosecutorial misconduct regarding the investigation and presentation of the case to the jury.

Third, Quinn alleged that the district court erred by admitting rule 404 testimony regarding C.G.'s commercial sexual encounters with another individual.

Fourth, Quinn alleged that the evidence was insufficient to support his convictions as the State failed to prove C.G.'s age.

Fifth, Quinn alleged that the district court erred by refusing to admit a deposition into evidence for the purposes of impeaching C.G.

Sixth, Quinn alleged that the district court erred by refusing to allow trial counsel to cross-examine a witness regarding his previous conduct with teenage girls.

Seventh, Quinn alleged that his appellate counsel was ineffective for failing to raise the issues that he wished to present on his direct appeal and for failing to advise him that he could file a petition for further review to the Nebraska Supreme Court.

Eighth, Quinn alleged that his trial counsel was ineffective for failing to raise multiple trial irregularities in his motion for a new trial. These alleged irregularities included that multiple sidebars and conferences in chambers were held out of the presence of the jury, the jurors were exposed to negative public sentiment regarding Quinn, and the presence of the Attorney General and members of his office at trial created a prejudicial influence.

Ninth, Quinn alleged that the district court erred by failing to appoint counsel to represent him in his postconviction case.

Finally, Quinn alleged that the district court abused its discretion by imposing an excessive sentence.

On January 4, 2024, the State filed a response to Quinn's postconviction motion, asserting that Quinn's claims were procedurally barred or insufficiently plead.

On February 24, 2024, the district court entered an order denying Quinn's motion for postconviction relief without an evidentiary hearing. The court found that most of Quinn's claims could have been litigated on direct appeal and thus were procedurally barred. The court also found that trial counsel was either not ineffective, or Quinn could not show prejudice, and accordingly, his appellate counsel was not ineffective for failing to raise the additional issues of ineffective assistance of trial counsel.

Quinn appeals.

## ASSIGNMENTS OF ERROR

Quinn assigns that the district court erred by (1) abusing its discretion in denying his verified motion for postconviction relief without considering or holding an evidentiary hearing in violation of his constitutional and statutory rights; (2) not providing the indigent defendant counsel as required under the Nebraska Postconviction Act; and (3) not addressing all of the issues claimed in his motion for postconviction relief and avoiding the merits of the issues by holding the indigent, pro se defendant to the same standards as a professional lawyer.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his

or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which an appellate court reviews independently of the lower court's ruling. *State v. Harms*, 315 Neb. 445, 996 N.W.2d 859 (2023).

Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion. *State v. Epp*, 299 Neb. 703, 910 N.W.2d 91 (2018).

ANALYSIS

*Denial of Postconviction Relief Without Evidentiary Hearing.*

Quinn asserts that the district court erred in denying his motion for postconviction relief without an evidentiary hearing. However, Quinn's argument in this regard presents limited support for appellate review. Quinn argues that the pleading requirements for postconviction motions are "extremely prejudicial" to him as a pro se postconviction defendant and contends that his allegations were sufficient to warrant an evidentiary hearing. Brief for appellant at 12. Quinn fails to specifically discuss any of the claims made in his motion for postconviction relief or how they merit an evidentiary hearing. He simply argues that his motion was clear enough to warrant a hearing to allow all evidence to be presented.

The appellate court does not conduct an appeal of a postconviction review sua sponte; as with all appeals, the alleged errors of the lower court must be both specifically assigned and specifically argued in the brief of the party asserting the errors to be considered by the appellate court. The appellate court will not scour the record on appeal to understand unclear arguments or find support for broad conclusions. *State v. Jennings*, 312 Neb. 1020, 982 N.W.2d 216 (2022). Conclusory assertions unsupported by coherent analytical argument fail to satisfy the requirement of arguing an assigned error to obtain consideration by an appellate court. *State v. Boppre*, 315 Neb. 203, 995 N.W.2d 28 (2023).

Quinn has failed to satisfy the requirement that the party asserting an alleged error must both specifically assign and specifically argue it in the party's initial brief. This claim fails for this reason alone. However, for the sake of completeness, we also find that the district court did not err in denying an evidentiary hearing.

Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Davis*, 317 Neb. 59, 8 N.W.3d 247 (2024). The allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified. *State v. Goynes, supra*. An evidentiary hearing is required on a motion for postconviction relief unless: (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id*.

Claim Nos. 2, 6, 8, and a majority of 1 (except for the allegation regarding Sasse's letter) were known to Quinn at the time of his direct appeal and thus could have been raised but were not. The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. *State v. Lotter*, 311 Neb. 878, 976 N.W.2d 721 (2022). When an issue could

have been raised on direct appeal, it is procedurally barred from postconviction relief, no matter how the issues may be phrased or rephrased. *Id*. Thus, these claims are procedurally barred.

Claim Nos. 3, 4, 5, 10, and part of 1 (alleging that trial counsel was ineffective for failing to offer Sasse's letter into evidence) were decided against Quinn on direct appeal. A defendant cannot use a motion for postconviction relief to collaterally attack issues that were decided against him or her on direct appeal. *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015). These claims are likewise procedurally barred.

Claim No. 9 does not implicate a constitutional right. There is no federal or state constitutional right to an attorney in state postconviction proceedings. *State v. Custer*, 298 Neb. 279, 903 N.W.2d 911 (2017). As such an evidentiary hearing on this claim was not required.

In his postconviction claim No. 7, Quinn raises an allegation of ineffective assistance of appellate counsel, arguing that his appellate counsel was ineffective in failing to raise the issues that he wished to present on direct appeal and for further failing to advise him that he could file a petition for further review. Because Quinn's appellate counsel was the same as his trial counsel, this postconviction proceeding was Quinn's first opportunity to assert the ineffectiveness of his appellate counsel. A claim of ineffective assistance of appellate counsel which could not have been raised on direct appeal may be raised on postconviction review. *State v. Stelly*, 308 Neb. 636, 955 N.W.2d 729 (2021).

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Betancourt-Garcia*, 317 Neb. 174, 9 N.W.3d 426 (2024). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice in a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. The likelihood of a different result must be substantial, not just conceivable. *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022). The two prongs of the test under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *State v. Cox*, 314 Neb. 104, 989 N.W.2d 65 (2023).

In his postconviction motion, Quinn alleged that he sent a letter to his appellate counsel in which he "outlined the issues he wished to present and numbered them 1 [through] 24." Quinn contends that his appellate counsel declined to "address several issues brought to his attention" in a response letter to Quinn. Quinn then quotes extensively from his appellate counsel's letter to him.

However, Quinn's motion for postconviction relief fails to allege sufficient facts that would support this claim of ineffective assistance of appellate counsel. See *State v. Goynes, supra*. Quinn did not attach a copy of his own letter to his appellate counsel to his motion. Nor did Quinn include any language from his own letter in his motion or otherwise specify the claims he brought up to appellate counsel. We are therefore unable to determine which claims Quinn's appellate counsel allegedly declined to address through Quinn's direct appeal. This claim fails.

In his postconviction motion, Quinn also alleged that his appellate counsel was ineffective for failing to file a petition for further review and for failing to advise Quinn of his right to such. The Nebraska Supreme Court has held that a defendant does not have a constitutional right to counsel beyond the conclusion of his or her direct appeal and that therefore, he or she cannot be deprived of effective assistance of counsel based on the failure of counsel to timely file a petition for further review. See *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015), *disapproved on other grounds, State v. Burries*, 310 Neb. 688, 969 N.W.2d 96 (2022). Therefore, this claim also fails, and an evidentiary hearing was not required.

*Alleged Failure to Appoint Postconviction Counsel.*

Next, Quinn assigns that the district court erred by failing to provide him with counsel, as required by the Nebraska Postconviction Act.

As set out above, there is no federal or state constitutional right to an attorney in state postconviction proceedings. See *State v. Custer, supra*. Under the Nebraska Postconviction Act, Neb. Rev. Stat. § 29–3001 et seq. (Cum. Supp. 2024), it is within the discretion of the trial court whether to appoint counsel to represent the defendant. *State v. Wetherell*, 289 Neb. 312, 855 N.W.2d 359 (2014), *disapproved on other grounds, State v. Goynes, supra*. When the defendant's motion presents a justiciable issue to the district court for postconviction determination, an indigent defendant is entitled to the appointment of counsel. Where the assigned errors in the postconviction motion before the district court are either procedurally barred or without merit, establishing that the postconviction proceeding contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant. *Id*.

As we have found above, Quinn has not alleged facts sufficient to entitle him to an evidentiary hearing on his postconviction claims. Quinn has raised no justiciable issue of law or fact, and therefore, the district court did not abuse its discretion when it did not appoint counsel.

*Alleged Failure to Address Claims Raised in Postconviction Motion.*

Finally, Quinn assigns that the district court erred by not addressing all of the issues claimed in his motion for postconviction relief and avoiding the merits of the issues by holding an indigent, pro se defendant to the same standards as a professional lawyer.

Quinn does not identify which claims the district court allegedly failed to address in its denial of postconviction relief without an evidentiary hearing. Where an appellant's brief contains conclusory assertions unsupported by coherent analytical argument, the appellant fails to satisfy the requirement that a party asserting alleged error must both specifically assign and specifically argue it in the party's initial brief. *State v. Ramos*, 319 Neb. 511, 23 N.W.3d 640 (2025). We therefore decline to address this assertion further.

Additionally, a pro se party is held to the same standards as one who is represented by counsel. See *State v. Devers*, 313 Neb. 866, 986 N.W.2d 747 (2023). The district court held Quinn, as a self-represented litigant, to the proper standards. Upon our review of the record, we find no error by the district court.

## CONCLUSION

The district court did not err in denying Quinn's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.